UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICKEY MASON (R04326), | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-3774 ) ) Hon. Steven C. Seeger |
| D. MARTIN, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff's motion for injunctive relief, a protective order, and a preliminary injunction (Dckt. No. [30]) is denied without prejudice. Plaintiff must seek relief in the proper venue.

## STATEMENT

Plaintiff Mickey Mason is a state prisoner who is currently incarcerated at the Hill Correctional Center. He brought this case about events at the Sheridan Correctional Center, the facility where he was formerly incarcerated. At present, no Defendants have been served.

The case is about conduct at his former facility (Sheridan Correctional Center), but Mason has now filed a motion about his current facility (Hill Correctional Center). Mason submits a motion for injunctive relief, a protective order, and a restraining order (Dckt. No. [30]). He alleges that staff at Hill Correctional Center have interfered with his legal mail, housed him in unsanitary conditions, and retaliated against him for filing grievances. All of the alleged misconduct described in the present motion occurred at Hill Correctional Center.

The Sheridan Correctional Center is within this judicial district, but the Hill Correctional Center is not. That facility is in Knox County, in the Central District of Illinois. So Mason is now seeking injunctive relief against defendants who are not in this district.

"To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)); *see also HH-Indianapolis, LLC v. Consol. City of Indianapolis & Cty. of Marion*, 889 F.3d 432, 437 (7th Cir. 2018). If the plaintiff can demonstrate those requirements, then the Court "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). "A preliminary

injunction is an extraordinary remedy." *HH-Indianapolis*, 889 F.3d at 437 (citation omitted); *see also Bedrossian v. Nw. Mem'l Hosp.*, 409 F.3d 840, 842 (7th Cir. 2005) ("An injunction is an equitable remedy that does not issue as a matter of course, but rather a remedy that courts may grant at their discretion in the extraordinary situations where legal remedies such as monetary damages are inadequate.").

Immediate injunctive relief is not warranted here. "[A]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x. 669, 672 (7th Cir. 2013) (citing *Lake Shore Asset Mgmt., Ltd. V. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). No Defendant has been served. Moreover, the record does not indicate that Mason provided any notice to the parties he seeks to enjoin. *See* Fed. R. Civ. P. 65(a)(1). Relief would therefore be premature.

More importantly, Mason seeks injunctive relief based on alleged conduct that occurred at Hill Correctional Center. Hill Correctional Center is in Knox County, Illinois. Mason has therefore knocked on the wrong door.

He must raise any claims for unconstitutional conduct at Hill Correctional Center in a lawsuit in the Central District of Illinois, the proper venue for claims arising at Hill Correctional Center. *See* 28 U.S.C. § 1391(b)(2) (Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."); 28 U.S.C. § 93(b) ("The Central District comprises the counties of . . . Knox."); *see also Fiorito v. Samuels*, 2017 WL 11608537, at *2 (C.D. Ill. 2017) ("[T]his Court does not have jurisdiction to award a preliminary injunction or protective order for claims unrelated to the cause of action before this Court."); *Johnson v. City of Rock Island*, 2012 WL 5425605, at*2 (C.D. Ill. 2012) ("[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint."); *Turner–El v. Ill. Bd. of Educ.*, 1996 WL 480341 (N.D. Ill. 1996) ("As a general rule, a party cannot insert new claims into a case through motions for a preliminary injunction.").

Accordingly, Mason's motion is denied without prejudice to seek such relief in the proper venue.

Date: January 10, 2023

Steven C. Seeger
United States District Judge

2