PC SCAN

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

MICKEY MASON
    Plaintiff

V.

D. Martin et, al
    Defendant(s)

Case No. 22-cv-03774

Hon Steven Seeger

**FILED**

4/16/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

## MOTION TO PROVIDE EVIDENCE OF ONGOING MAIL TAMPERING, RETALIATION, AND IDOC EMPLOYEE(S) ACTING AS AGENT(S) OPENINGLY CONSPIRING WITH DEFENDANTS TO TARGET PLAINTIFF

Now comes Plaintiff, MICKEY MASON, Pro se an individual currently housed in Danville Correctional Center, but was housed at Sheridan Correctional Center where the principable events took place, and are ongoing.

In support of this "Motion TO Provide Evidence" Plaintiff states the following:

1) Plaintiff never received Docket Text concerning this pending case to fully verify what IDOC employees Acting As Agents to openingly conspire with Defendant(s) to confiscate Plaintiff's evidence to impede him from effectively proceeding in the Courts.

2) Illinois Department of Corrections IDOC employees Are Acting As Agents to Assist Defendants by openingly conspiring to target, retaliate, And continue to interfere with Plaintiff's U.S. Mail by Frustrating, obstructing, destroying, and/or preventing the delivery After funds Are deducted in violation of Plaintiff's First Amendment Right.

3) This pending case is About Defendant(s) openingly conspiring, Mail Tampering, First Amendment violation, And Retaliation which is ongoing due to IDOC employees Acting As Agents to Assist the Defendants and do there dirty work.

The Seventh Circuit has recognized that A continuing violation is A claim where Among other things, "the state Actor has A policy or practice that brings with it A fresh violation eachday". In the Statute of limitations context where A plaintiff raises A continuing violation, he can "reach back" to the beginning of the wrong even if that beginning lies outside the statutory limitations period.

When it would be unreasonable to require or even permit him to sue separately over ever incident of Defendant's wrongful conduct". (See Heard V. Sheahan 253, F.3d 316, 319 (7th Cir 2001)

Case Law clearly states if there is some causal connection of Affirmative link between the Action complained about and the official sued, there can be liability under 42. U.S.C.S 81983.

Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released. See Heard V. Sheahan 253 F. 3d 316, 318-19 (7th Cir. 2001). The statue of limitations commences anew every day that treatment is withheld.

4) Illinois Department of Corrections IDOC employees have continued to openingly conspire with Defendants to harm, and retaliate against Plaintiff due to exercising his First Amendment Rights, and due to filing Civil Suit(s) against a number of Defendant(s). Due to Defendants Slandering Plaintiff's name, and submitting false information in Emails to; Hill Correctional Center, Lawrence Correctional Center, and Danville Correctional Center claiming that Plaintiff is a threat to the ~~Childens~~ Safety and Security of Staff and Individuals in Custody, Plaintiff's incoming/outgoing Legal/Privileged U.S. Mail continued to be frustrated, obstructed, delayed, opened, read, destroyed, and/or prevented from delivery.

Plaintiff continued to be retaliated against, Mentally Tortured, and Sexually Assaulted due to IDOC employees openingly conspiring with Defendant(s) to target and retaliate against Plaintiff for exercising his First Amendment right to complain, file Grievance(s), ~~and~~ Civil Suits, and due to Illinois Department of Corrections IDOC employees

and Defendant(s) claiming Plaintiff is a threat placing his safety and life in danger at every facility he's been sent to.

5) Upon information and belief, Champaign IL Distribution Center, and Peoria IL Distribution Center are aware of the intentional mail interference within Illinois Department of Corrections due to receiving calls, and/or Emails from Internal Affairs/Intelligence Unit members, and/or Mailroom staff at IDOC facility's due to Plaintiff being considered a threat to the safety and security of staff and individuals in custody.

6) Example - On April 1, 2025, Plaintiff sent an Emergency Complaint to the "Federal Bureau Of Investigations" due to being targeted, mentally tortured, U.S. Mail interference, and retaliated against by Illinois Department of Corrections IDOC employees/Defendant(s) Certified Mail #9589-0710-5270-2525-3787-60.

[See Attached (7) page Complaint including (19) pages of Attached exibits, Authorization For Payment Receipt dated 4/1/2025, and Certified Mail Rezeipt dated Apr 2, 2025 that came from Mailroom staff who provide the tracking numbers before U.S mail reaches the post office and/or Distribution Center(s) so mail can be tracked]

It's April 16, 2025, (15) days later, and Certified Mail on USPS Tracking is still stating that Mail is in transition in Danville IL. Upon information and belief, Plaintiff believes that sealed clearly marked Privileged Mail was delayed/flagged,

due to who Plaintiff's U.S. Mail was address to, opened, read, and something else other than Plaintiff's mail was sent with a tracking number as to where it don't get delivered nor be returned due to mail interference by; Internal Affairs, Intelligence Unit, Mailroom staff, and Business Office openingly conspiring to impede Plaintiff from an proper investigation by the F.B.I at Danville Correctional Center.

Also, if U.S Mail / Privilege Mail was sent out, it was not sent for the services that Plaintiff requested/ paid for to be able to track the mail which evidence that Fraud and Theft continue to be committed at Danville Correctional Center as well. This is an ongoing unwritten policy, pattern, and practice within Illinois Department of Corrections concerning U.S. Mail Tampering, Fraud, and Theft which continues to impede Plaintiff's Access to Court(s), Investigation(s) concerning Illinois Department of Corrections; and Documents not reaching Attorney's and/or Government Officials due to malicious Acts by IDOC employees/ Defendants claiming Plaintiff is a threat due to exercising his First Amendment Rights.

7) Due to this ongoing pattern and practice, Plaintiff don't know what he never received from Attorney's, Government Officials, family, Courts, independent monitoring organizations, and/or outside sources concerning help. Plaintiff was forced to pay for Certified Mail which adds additional hardship so he could make sure his important U.S Mail get to it's destination, and now Plaintiff has the evidence he needs to prove the U.S. Mail interference is ongoing which

is A Federal Offense, Along with Fraud/Theft continuing to be committed by Illinois Department of Corrections facility's.

Plaintiff has pending Cases in the U.S District Court concerning Defendants/IDOC employees openingly conspiring to interfere with U.S. Mail, retaliate, and target Plaintiff in Case(s); Mason V. D. Martin 22-cv-03774, and Mason V. Hill Correctional Center 23-cv-04222 to prove the ongoing unwritten, policy, pattern, and practice within Illinois Department of Corrections,

Plaintiff is prejudice due to continuing to be retaliated against, and mentally tortured. These constitutional rights concerning mail interference in which is A Federal Offense, have long been clearly established in the Seventh and other Circuits. As early As 1992, the Seventh Circuit indicated that a pattern and practice of mail interference violates the First Amendment. (Arbing V. Brown, 959 F.2d 238, 1992. WL 69361 At *1 (7th Cir. 1992)

In 2000, the Seventh Circuit repeated this pronouncment. Zimmerman, 226 F.3d At 572 ("IF Zimmerman Alleges A continuing pattern or repeated occurrences of such conduct he has A valid claim for A First Amendment violation"). In 2005, the Seventh Circuit reiterated that opening Legal Mail outside the inmate's presence can violate the First Amendment. Kaufman, 419 F.3d At 686, and the District has recognized this legal proposition since At least 1987. Bruscino V. Carlson, 654 F. Supp. 609, 618 (S.D. Ill. 1987), Aff'd, 854 F.2d 162 (7th Cir. 1988) (requiring a showing of A "Systematic pattern or practice of interference to state A constitutional violation)

The forgoing establishes that a reasonable prison official would have been aware long before 2016 that routinely opening a prisoner's Legal Mail outside of his presence was unconstitutional. See e.g. Watson V. Cain, 846 F. Supp 631, 632 (N.D. Ill 1993) ("Defendants interference with Watson's privileged Legal Mail thus violated clearly established constitutional Law. Accordingly, the Court find that Defendant(s) are not entitled to qualified immunity in this case").

Lewis, 518 U.S At 353, 3.116 S.Ct 2174 (emphasis Added) Moreover, the Court explained that cognizable harm arises not only when a claim is lost or rejected on account of the defendants misconduct, but also when the Plaintiff's efforts to pursue a claim or investigation are impeded (7th Cir. 1998). As a matter of Law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod V. Burns, 427 U.S. 347 373, 96 S.Ct 2673 (1976).

8) This evidence that Plaintiff has, along with numerous notices to Illinois Department of Corrections, IDOC employees, Defendants, and Acting Director(s); Rob Jeffreys, and Latoya Hughes proves to this Court and a Jury that Plaintiff is targeted and subjected to a wide spread and long standing unwritten policy, pattern, and practice of such; Mail Tampering, Retaliation, Harassment, Mental Torture, Humiliation, Sexual/Physical Abuse, Fraud/Theft, and Conspiracy Cover-ups Against Prisoner's who have complained, and/or have Attempted to draw outside Attention to oppressive and unconstitutional conditions while housed in Illinois Department of Corrections. Note: Rob Jeffreys was a prior Acting Director, and a Defendant in this case.

The state named IDOC employees, and Illinois Department of Corrections are not free to inflict such pains without cause, just so long as they are careful to leave no marks. Williams V. Boles, 841 F.3d 181 (7th Cir 1988).

The Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is "totally without penological Justification that results in gratuitous infliction of suffering." Gregg V. Georgia, 428 U.S 153, 173, 183, 96, S Ct. 2909 (1976)")

Plaintiff contends that there is a systematic problem and/or conspiracy where the Illinois Department of Corrections are openingly conspiring to cause Mental Anguish, pain, suffering, stress, sleep deprivation, PTSD, and legal Injury.

Plaintiff is intimidated by Illinois Department of Corrections unwritten policy, pattern, and practice of Mental Torture. Which have continued to target Plaintiff since being housed at Sheridan Correctional Center in retaliation due to exercising Masons First Amendment Rights. A chain reaction of events have continued to occur due to Defendants for years that would likely deter First Amendment Activity in the future due to the First Amendment was the motivating factor in Defendants, Illinois Department of Corrections, and IDOC employees decision to continue to openingly conspire to target Plaintiff and place his health, safety, and life in danger.

9) In this Case, the grant of relief will serve the public interest because it's always in the public interest for Prison Officials to obey the law, especially the Constitution. Phelps- Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v. Anaya 642 F. Supp 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the Administration of the States correctional system, is in itself a matter of the highest public interest").

In response to Mason exercise of his First Amendment, Protected Speech, Free Speech, Illinois Department of Corrections IDOC employees/Defendant(s) at Every Facility Mason have been sent to have individually and collectively deprived Mason of his Constitutional, and Civil Rights in an manner likely to deter further Protected Speech. Including by; Mail Tampering, Threatening Mason, Submitting false Disciplinary Reports, Slandering Masons name placing his Safety and life in danger, Committing Fraud/Theft, wrongfully placed in inhumane conditions/Segregation, continuing to be charged for 2 services concerning Postage when only one was requested, And being Sexually Assaulted twice by an IDOC employee all while housed in Illinois Department of Corrections.

* Note: Illinois Department of Corrections is one entity, meaning that call(s) to the facility's that Plaintiff is sent to, as well as false information continued to be submitted in Emails to facility's within Illinois Department of Corrections so Plaintiff

CAN continue to be targeted, and retaliated against due to exercising his First Amendment, and Prison Officials considering Plaintiff A threat to the safety and security of Staff and individuals in custody, in violation of Plaintiffs 1st, 4th, 5th, 6th, 8th, and 14th Amendment Rights.

10) Illinois Department of Corrections IDOC employees, and Defendants Acting under the color of state law for years continues to openingly conspire to engage in retaliation and deliberate indifference against Mason after he exercised his First Amendment Rights, Grievance Issues, notified Illinois Department of Corrections / Acting Director(s), and subsequently filed Civil Suits against a number of Defendants in Illinois Department of Corrections.

Acting Director(s) for Illinois Department of Corrections Rob Jeffreys, and Latoya Hughes knew that Plaintiff continued to be targeted and retaliated against by IDOC employees / Defendants but disregarded the substantial risk of serious harm to Mason in which they (Rob Jeffreys, Latoya Hughes) Facilitated, Approved, Condoned, or turned a blind eye to it for fear of what they might see, and/or openingly conspired as well due to the unwritten policy, pattern, and practice. Acting Director(s) Failed to even investigate Masons Allegations. [See Attached Itemize List of Notices To Illinois Department of Corrections, and Acting Director(s); Rob Jeffreys and Latoya Hughes (23) pages Including Exhibit(s)] A Fact Finder could conclude that these Allegations, if true, evidence deliberate indifference. See Jervis v. Mitchell, 258 Fed. Appx. 3

Plaintiff respectfully request this Court to exercise discretion due to this evidence proves to this Court, and a Jury that Plaintiff continues to be ignored, targeted, antagonized, provoked, and mentally tortured in retaliation due to a blind eye continue to be turned as well as the unwritten policy, pattern, and practice that's ongoing.

    Cater v. Smith, 2009 WL 3088438 at *6 (E.D.P.A Sept 27, 2009) (Where a grievance alleges ongoing constitutional violation, a supervisory Defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly")

    Plaintiff has presented sufficient evidence to establish the existence of a genuine issue of materal fact as to whether Illinois Department of Corrections, Rob Jeffreys, and Latoya Hughes were deliberately indifferent to Plaintiff Mason ongoing Emergency Issues. For years, because Mason is entitled to an inference that Illinois Department of Corrections, Rob Jeffreys, and Latoya Hughes received Complaints, Notices, and Rule 216- statement of Facts that were ignored that Mason sent via Certified Mail. (See Jett v. Penner, 439 F.3d 1091; 2006 U.S. App. Lexis 5891 9th Cir) Not to mention Pending Civil Suits gave notice as well.

11) An official can be held liable if the conduct causing the constitutional deprivation occurs at his discretion or with his knowledge and consent. That is, for liability he must know about this conduct and facilitate it, approve it, condone it, or turn a blind eye.

(citing Vance v. Peters, 97 F.3d 987,993 7th Cir 1996) stating that

" A prisoner officials knowledge of Prison conditions learned from an inmate's communication can under some circumstances constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and take the needed action to investigate and if necessary, to rectify the offending conditions").

In other words, Prisoner request for relief that fall on 'deaf ears' may evidence deliberate indifference. (Perez, 792 F.3d) Violations began and continue, and the prevailing rule treat new acts, or ongoing acts as new violations. Deliberate Indifference can be established by inference from circumstantial evidence, Farmer, 511 U.S, at 842, including evidence that the risk was so obvious that a Jury may reasonably infer actual knowledge on the part of Defendants. Hall v. Bennett, 379 F.3d 462,464 (7th Cir. 2004)

Prison Officials may not retaliate against inmates for filing Grievances or otherwise complaining about conditions of confinement. Bridges v. Gilbert, 557 F.3d 541,530 (7th Cir. 2009)

Prisoner's need not file multiple grievances when they are complaining about ongoing prison polices; rather a grievance may be sufficient when it provides the Authorities with a notice and a chance to correct the violation id; Kaba v. Stepp 459, F.3d 678, 684 (7th Cir. 2006)

13 of 13

WHEREFORE, For the Above reasons, Plaintiff respectfully request this Court to exercise discretion, And; (1) Grant Permission for Plaintiff to Amend his Complaint to Add ongoing issues due to enivents continued due to Defendant(s) in this Case, (2) Order Injunctive Relief due to evidence of ongoing Retaliation, And Plaintiff being targeted in which his safety and life is in danger, (3) Order Sanctions on Illinois Department of Corrections, And Acting Director Latoya Hughes for continuing to let her IDOC employees retaliate/ target Plaintiff At every Facility he's sent to, (4) Grant An Order of Protection while this Case is pending, And whatever else this Court deem necessary.

Date 4/16/2025

MICKEY MASON
MICKEY MASON

## DECLARATION

I declare under penalty of pequry that the forgoing is true and correct And that this declaration is executed the 16th day of April 2025

MICKEY MASON
MICKEY MASON

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025 the forgoing documents "Motion To Provide Evidence of Ongoing Mail Tampering, Retaliation, And IDOC Employees Acting As Agents Openingly Conspiring with Defendants To Target Plaintiff" (13) page, including (71) pages of Attached Exhibits was given to Lawlibrary clerk to be E-Filed From Danville Correctional Center to United States District Court - Northern District At 219 S. Dearborn Chicago IL.

MICKEY MASON
MICKEY MASON

13 of 13

PRIVILEGED MAIL
Send Certified Mail For $4.85.
ONLY

PRIVILEGED MAIL
Send Certified Mail
For $4.85 ONLY

ILLINOIS DEPARTMENT OF CORRECTIONS
**Authorization for Payment**

Posting Document # _____ Date 4/1/2025

Individual in Custody Name MICKEY MASON    ID# R04326    Housing Unit 1 D 32

Pay to FBI HQ

Address 935 Tennsyleania Ave NW

City, State, Zip Washington DC 20535-0001

The sum of _____ dollars and _____ cents charged to my trust fund
account, for the purpose of (26) Pages of Documents

☑ I hereby authorize payment of postage for the attached mail.    ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Individual in Custody Signature _____    ID# R04326

Witness Signature _____

☐ Approved  ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of ___7___ dollars and ___44___ cents.    2.59 + 4.85   MM 41312

DOC 0226 (Rev. 8/2021)

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Mason
R04326
1 D 32

For delivery information, visit our website at www.usps.com®

Certified Mail Fee   $ 4.85

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery   $

Postage   $ 2.59

Total Postage and Fees   $ 7.44

Sent To FBI HQ

Street and Apt. No., or PO Box No. 935 Pennsyleania Ave

City, State, ZIP+4 Washington DC 20535

DANVILLE IL 61832
APR 02 2025
Postmark Here
USPS

9589 0710 5270 2525 3787 09

PS Form 3800, January 2023   PSN 7530-02-000-9047   See Reverse for Instructions

COPY!

April 1, 2025

TO: FBI HQ

935 Tennsyleania Ave NW

Washington DC 20535-0001

From: MICKEY MASON #R04326
Danville Correctional Center
   3820 E. MAIN St
Danville, IL 61834

## EMERGENCY COMPLAINT
### DUE TO BEING TARGETED BY ILLINOIS DEPARTMENT
### OF CORRECTIONS IDOC EMPLOYEE(S)

---

Illinois Department of Corrections has an unwritten policy, pattern, and practice of retaliation, mental torture, humiliation, sexual abuse, harassment, and physical abuse against prisoner's who have complained, and/or have attempted to draw outside attention to oppressive and unconstitutional conditions while housed in Illinois Department of Corrections.

   Illinois Department of Corrections IDOC employees continue to openingly conspire to target me, and retaliate due to him exercising his First Amendment Rights at every facility I'm sent to.

I have presented evidence to; United States Department of Justice, Illinois State Police, Executive Inspector General, Government Office, Attorney General, and United States District Courts numerous of times, and a blind eye continues to be turned due to being targeted by IDOC employees/ Defendants in pending Cases openingly conspiring to harm me. Acting Director's Rob Jeffreys, and Latoya Hughes for Illinois Department of Corrections was notified numerous of times as well, but ignored my cry's for help as well.

## EXAMPLE

James Sullivan, James "Jim" Roache, and Edward Escamilla submitted false information/ Emails to Illinois State Police claiming that MICKEY MASON's allegations were investigated due to complaints submitted; February 27, 2024, March 5, 2024, and March 22, 2024 that deprived Mason of a proper investigation by Illinois State Police.

Above openingly conspired to protect Lieutenant Brandon McCune who also submitted false information/ Emails as well due to Brandon McCune openingly conspiring to target Mason. Failing to investigate his staff, and protect his staff at Hill Correctional Center due to pending Complaints on Brandon McCune, Internal Affairs, Intelligence Unit, and IDOC employees at Hill C.C, Lawrence C.C, Sheridan C.C, and Menard C.C.

730 ILCS 5/3-2-2, 03.03,108 "Standards of Conduct" for **All** IDOC employees clearly states "Employees will neither Act nor fail to act in any manner which would constitute a violation of any departmental or institutional rule, regulation or directive. Any employee who Knowingly provides fake information including but not limited to, false information provided in statements, incident reports, correspondence or interview shall be subjected to disciplinary action including discharge".

(1) On March 14, 2024 at 2:33pm, James Sullivan submitted false information threw Email to Sergeant John Kuelper #5386 (Illinois State Police at 3107 East Lincolnway, Sterling, IL 61081) to deprive Mason of A proper investigation from Illinois State Police. Concerning Criminal Acts by Mailroom Staff, Internal Affairs, and Intelligence Unit member(s).

James Sullivan never interviewed Mason, requested his evidence, nor investigated **Any** of Mason Allegations due to him being Addressed at 19551 W. Division Street, Lockport Ill, 60441, and not Hill Correctional Center at 600 S. Linwood Road, P.O.Box 1700, Galesburg IL 61402. [See Attached Illinois State Police Investigative Report Narrative, and etc (9) pages]

(2) On April 15, 2024 at 9:50am, Lieutenant Brandon McCune submitted false information threw Email to Sergeant John Kuelper #5386 (Illinois State Police at 3107 East Lincolnway, Sterling, IL 61081) to deprive Mason of A

Proper investigation from Illinois State Police concerning Mason being sexually Assaulted by (Jackson Stanley) during A morning count "Box Check" which Cameras reflect, And Mason's witnesses that was never called, nor an investigation done by Lieutenant Brandon McCune to protect his staff.

Before Lieutenant Brandon McCune submitted false information on April 15, 2024, James "Jim" Roache who's Also located at 19551 W. Division Street, Lockport, IL 60441, And not Hill Correctional Center sent an Email dated April 9th, 2024 at 10:15 AM to James Sullivan stating "Deputy Commander Sullivan, Please have IA at Hill Correctional Center, deliver ISP declination to investigate IIC MASON's Allegations."

[See Attached Illinois State Police Investigative Report Narrative, And etc (8) pages]

Note: No where in 730 ILCS 5/3-2-2 Administrative Directive 05.10.110 is IDOC employees given Authorization to take the individual out the cell, Search/Pat down, And enter the cell during preperation for morning count Compliance "Box checks" [See Attached 730 ILCS 5/3-2-2, 05.10.110 Administrative Directive page 8 of 11 (A), And (B)] Which is how Mason was targeted, And sexually Assaulted by (Jackson Stanley) which Camera's reflect including witnesses.

8 of 9

# ARGUMENT

9 of 8

MICKEY MASON was denied investigative documents/reports from Illinois State Police, and Lieutenant Brandon McCune concerning complaint(s) submitted as to where Mason had to submit A Freedom of Information request dated October 23, 2024.

Camera's on OR cell 17 dated 13/4/2024 will reflect that MICKEY MASON is just now receiving full review even though it was mailed November 19, 2024 from Illinois State Police.

There willful falsification of state documents impeded an investigation of MICKEY MASON's Allegations by Illinois State Police. Thus making them guilty of Aiding and Abetting, and Accountability of; James Sullivan, James "Jim" Roache, Edward Escamilla, and Brandon McCune's actions due to above openingly conspiring to submit false information in documents/reports to impede investigations from Illinois State Police.

An IDOC employee under oath named "Alex Banta" exposed Illinois Department of Corrections by stating "He said he was trained by "Superious" that there would be things that happened inside that he should ignore and that he should not put anything about fellow guards into reports. Banta said he learned that if you don't personally give pay back to these guys, you keep your mouth shut about it."
[See Attached Document "Ex Prison Guard Gets 20 years For Fatal Inmate Beating Second and Third para]

6 of 8

Note: Internal Affairs/Intelligence Unit members, and IDOC employees such as; James Sullivan, James "Jim" Roache, Edward Escamilla, Brandon McCune, Roy Little, Jason Sharp, John Livingston, Aaron Cox, Jeremy Bonnett, Ross Ford, Paul Lawson, Martin Matherly, C/O Range, Rina M. Martinez Bates, Katherine Linboom, Tyrone Baller, and Latoya Hughes All openingly conspired to cover for/protect the Abuser (Jackson Stanley) instead of the victim (MICKEY MASON). As well as falsified reports/documents, withheld camera footage, refused to interview Masons witnesses, and turned a blind eye.

Major Ross Ford, Major Paul Lawson, Lieutenant Aaron Cox, And Martin Matherly is who ordered, commanded, and supervised the early morning "Box Checks"/Tactical Raids. Jackson Stanley was ordered to sexually assault (MICKEY MASON) on March 20, 2024 by Above, which camera footage reflects what happened, as well as Masons witnesses. Illinois Department of Corrections has an unwritten policy of such humilation, sexual abuse, harassment, retaliation, and physical abuse against prisoner's who have complained, and/or have attempted to draw outside attention to oppressive and unconstitutional conditions while housed in Illinois Department of Corrections.

In other words, Illinois Department of Corrections is training All IDOC employees to ignore individuals in custody emergency issues, not put anything about guards into reports, and "If you don't personally give payback to these guys you keep your mouth shut about it," is how All IDOC employees is being trained. (See Attached "Ex Prison Guard Gets 20 Years For Fatal Inmate Beating)

6 of 8

7 of 7

I've been threaten numerous of times by Internal Affairs/ Intelligence Unit within Illinois Department of Correctional facility's, and Sexually Assaulted twice by IDOC employees due to exercising my First Amendment Rights. The Governor Office, Executive Inspector General, Attorney General, Illinois State Police, And basically all the State Agencies are ignoring that Illinois Dept of Corrections is trying to harm me, committing Fraud/Theft, and placing my life in danger.

I need help, I feel my life is in danger, and I do not feel safe due to being sent to Danville Correctional Center where there are no cameras, and evidence of me being targeted at Every IDOC Facility I'm sent to. Even when I alerted Illinois State Police that IDOC employees lied concerning investigations concerning me, I was denied help. Since 2016 Illinois State Police have ignored me.

## RELIEF REQUESTED

Investigation/Criminal Charges on Illinois Department of Corrections Acting Director's Rob Jeffreys, Latoya Hughes, and IDOC employees for openingly conspiring to target me, harm me, Sexually Assault me, impede me from proving my innocences in Criminal Case, Fraud/ Theft, slandering my name, and by continuing to place my life in danger that's been ongoing for 17 years. I need to be protected.

## DECLARATION

I declare under penalty of perjury that the forgoing is ~~date~~ true and correct and that this Declaration is executed the 1st day of April 2025. MICKEY MASON

MICKEY MASON

[A responsive reply would be greatly appreciated]

24-42107900007
KUELPER, JOHN
ID 5386
Page 1 Of 2

## ILLINOIS STATE POLICE
## INVESTIGATIVE REPORT

| DII Case Number | Case Number 24-42107900007 | Case Title DII NORTHERN COMMAND INTELLIGENCE FILE | | | | | Report Type ✓ Individual ☐ Location ☐ Vehicle | | |
|---|---|---|---|---|---|---|---|---|---|
| TN# 21 | Report Title | TN:21 - ▮▮▮▮▮ (COMPLAINANT) | | | | | Report Date 03/14/2024 | Activity Date 03/14/2024 | Lead Number |
| InterviewType | ☐ Not Recorded ☐ CVSA Recording | ☐ Audio Recording ☐ Video Recording | ☐ Drug Buys | ☐ Arrest Warrants | ☐ Search Warrants | | Overhear Admin | Overhear Warrant | |
| Reporting Agent KUELPER, JOHN | | | | | | ID Number 5386 | Zone/Office ISP DII NORTHERN COMMAND | | |
| Case Agent HAMLIN, GINA | | | | | | Case Agent ID Number ▮▮▮▮ | Case Agent Zone/Office ISP DII NORTHERN COMMAND | | |
| ALPR Used ☐ Yes | ALPR Location | | | | | | | | |

## NARRATIVE

On March 5, 2024, DII agents received a hand-written Complaint Against Department Member (CADMF) Form from Illinois Department of Corrections (IDOC) Inmate ▮▮▮▮▮▮ who is housed at the Henry Hill Correctional Center (HHCC) regarding an allegation of fraud by IDOC Mailroom Supervisor Laura Henson. ▮▮▮▮ also sent a second hand-written CADMF regarding an allegation of unlawful restraint by IDOC Employees Brandon McCune, Roy Little, and R. Livingston.

On March 13, 2024, DII agents received a hand-written letter from ▮▮▮▮ following up on the March 5th CADMF.

On March 14, 2024, DII agents received electronic correspondence from IDOC Deputy Commander James Sullivan who advised they have already conducted an investigation regarding both allegations from ▮▮▮▮

Copies of both of ▮▮▮▮ CADMFs and Sullivan's electronic correspondence are attached to this report.

ATTACHMENT:
1. Copy of ▮▮▮▮ CADMFs, received on 03/05/24, consisting of four pages.
2. Copy of Sullivan's electronic correspondence, received on 03/14/24, consisting of three pages.
3. Copy of ▮▮▮▮ follow-up letter, received on 03/13/24, consisting of 5 pages.
4. Copy of Referral Letter, sent on 03/14/24, consisting of one page.

## ATTACHMENTS

Attachment Description
**CADMF**



| Approved By |
|---|
| **Bocka, Kyle #6254** |

Disclaimer: This document contains neither recommendations nor conclusions of the Illinois State Police. It and its contents are not to be disseminated outside of your agency.

# ATTACHMENTS

Attachment Description
**Sullivan Electronic Correspondence**

# ATTACHMENTS

Attachment Description
**Follow-up letter**

# ATTACHMENTS

Attachment Description
**Referral Letter**

# INDIVIDUAL

| Last Name | | First Name | | Middle Name | | Person Type |
|---|---|---|---|---|---|---|
| | | | | | | **Complainant** |

| AKA/Maiden | | Sex **MALE** | SexUnknownDesc | | Race | |
|---|---|---|---|---|---|---|

| DOB | SSN | ISP Employee? ☐ Yes ☑ No | Employee Number |
|---|---|---|---|

| Drivers License **Number** | Home Telephone | Cell Telephone |
|---|---|---|

Street
**600 SOUTH LINWOOD ROAD**

| City **GALESBURG** | State **IL** | Zip Code **61401** | How Long | Personal History ☐ |
|---|---|---|---|---|

Approved By
**Bocka, Kyle   #6254**

Disclaimer: This document contains neither recommendations nor conclusions of the Illinois
State Police.  It and its contents are not to be disseminated outside of your agency.

## Kuelper, John

| | |
|---|---|
| **From:** | Sullivan, James |
| **Sent:** | Thursday, March 14, 2024 2:33 PM |
| **To:** | Kuelper, John |
| **Cc:** | Roache, James |
| **Subject:** | RE ██████████ Complaints - Henry Hill CC |

Individual in Custody ██████████████████ was first interviewed on May 2, 2023, due to a grievance filed by ████████ alleged in the grievance that the Internal Affairs Department of Hill Correctional Center was holding ████████ legal mail and destroying and not allowing the mail to be sent out. ████████ also stated that he was unable to be scheduled for the law library, and believed Internal Affairs was the reason why he was not being scheduled for Law Library. During the interview, ████████ provided the addresses that he was sending the legal mail too. After doing a quick Google search, it was obvious that ████████ was sending the legal mail to the wrong addresses. The correct addresses was provided to ████████ so his Legal Mail could be sent to the correct destinations. ████████ was then given the law library's schedule so ████████ would not miss his court deadlines.

Individual in Custody ████████████████ was interviewed a second time on November 3, 2023, due to ████████ writing a letter to Director LATOYA HUGHES. During the interview ██████ stated he had a motion denied because the judge did not receive all the documents that were required. ██████ alleged that the mail room or Internal Affairs tampered with his legal mail causing his motion to be denied.

Individual in Custody ████████████████ was **NOT** restrained at any time, during either interviews. ████████ was free to walk out of the office and end the interview at any moment. At no time was ████████ forced or coerced into signing a statement. No member of the Investigations Unit at Hill Correctional Center threatened or screamed at ████████

If there are any further questions, please let me know.

**From:** Kuelper, John <John.Kuelper@illinois.gov>
**Sent:** Thursday, March 14, 2024 10:43 AM
**To:** Sullivan, James <James.Sullivan@illinois.gov>
**Subject:** RE: ██████████████ Complaints - Henry Hill CC

Perfect, thank you sir

Sergeant John Kuelper #5386
Illinois State Police | Division of Internal Investigation | Northern Command
3107 East Lincolnway, Sterling, IL 61081 | Cell: ████████ | Office: 815-632-4010 ext 253
John.Kuelper@Illinois.gov

**From:** Sullivan, James <James.Sullivan@illinois.gov>
**Sent:** Thursday, March 14, 2024 10:39 AM
**To:** Kuelper, John <John.Kuelper@illinois.gov>
**Subject:** RE ██████████████ Complaints - Henry Hill CC

1

I have been off yesterday. I'll type something up and send it to you shortly.

**From:** Kuelper, John <John.Kuelper@illinois.gov>
**Sent:** Thursday, March 14, 2024 10:33 AM
**To:** Sullivan, James <James.Sullivan@illinois.gov>
**Subject:** FW: ███████████ Complaints - Henry Hill CC

Good morning,

Just wanted to follow up with you on my email sent yesterday. Appreciate your reply when you can. Thanks



Sergeant John Kuelper #5386
Illinois State Police | Division of Internal Investigation | Northern Command
3107 East Lincolnway, Sterling, IL 61081 | Cell: ███████  Office: 815-632-4010 ext 253
John.Kuelper@Illinois.gov

**From:** Kuelper, John
**Sent:** Wednesday, March 13, 2024 10:15 AM
**To:** Sullivan, James <James.Sullivan@illinois.gov>
**Cc:** Bocka, Kyle <Kyle.Bocka@illinois.gov>
**Subject:** FW: ███████████ Complaints - Henry Hill CC

Good morning sir,

Can you advise if you have any information related to both of this inmates allegations? Thank you for your assistance in this matter.



Sergeant John Kuelper #5386
Illinois State Police | Division of Internal Investigation | Northern Command
3107 East Lincolnway, Sterling, IL 61081 | Cell: ███████  Office: 815-632-4010 ext 253
John.Kuelper@Illinois.gov

**From:** Taylor, Jayme <Jayme.Taylor@illinois.gov>
**Sent:** Saturday, March 9, 2024 7:18 AM
**To:** Bocka, Kyle <Kyle.Bocka@illinois.gov>
**Cc:** Kuelper, John <John.Kuelper@illinois.gov>
**Subject:** FW ███████████ Complaints - Henry Hill CC

Good morning,

Please assign to an Agent and add to the case tracker. Remember to send the letter for the IIC to ISP.DIICaseManager@illinois.gov, then complete the Intel report, if needed. Thank you.

Respectfully submitted,
Acting Lieutenant Jayme Taylor #6103

2

Illinois State Police
Division of Internal Investigation - **Northern Command**
9511 West Harrison Street
Des Plaines, Illinois 60016
Jayme.Taylor@illinois.gov
Phone: (708) 622-8057
Fax: (847) 294-4490

  

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Coleman, Ginger <Ginger.Coleman@illinois.gov>
**Sent:** Tuesday, March 5, 2024 8:29 AM
**To:** File, Jeff <Jeff.File@illinois.gov>; Taylor, Jayme <Jayme.Taylor@illinois.gov>
**Cc:** ISP.DIICaseManager <ISP.DIICaseManager@Illinois.gov>
**Subject:** ▮▮▮▮▮▮▮▮ Complaints - Henry Hill CC

For handling. Two complaints.

Originals sent to Gina Hamlin.

Respectfully,

*Ginger Coleman*
Illinois State Police – Administrative Support
Division of Internal Investigation
801 South 7th Street, Suite 100N
Springfield, Illinois 62703
(217)557-1386
Fax: (217)782-7342
Ginger.Coleman@illinois.gov

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

3

COPY!

**Illinois State Police**
**Complaint Against Department Member**

| | |
|---|---|
| DII Number | Date of this Report 3/31/2024 |

Name of Complainant (Please Print): Individual in Custody

Date of Birth [redacted]

Social Security No.

Home Phone

Address Henry Hill Correctional Center · P.O.Box 1700 · Galesburg IL 61403

Employer Illinois Department of Corrections

Business Phone

Date and Time of Incident Since Nov of 2022

Address Where Incident Occurred 600 S. Linwood Road, P.O.Box 1700, Galesburg IL 61403

Name of Person(s) You Are Complaining About If Known
1. Laura Henson, Kayla Frye,     2. Emily Herroun
3. Amy L. Hendricks     4. Yolanda Guerrero

Have You Reported This To Anyone Previously? ☒ Yes ☐ No

If So, Whom: Acting Director, Courts, Government Entities

Date

**Persons Who Actually Saw Event (Including Self)**

| Name | | Address | Phone No. |
|---|---|---|---|
| Laura Henson, Kayla Frye | Home | | |
| | Business | Illinois Dept of Corrections | 309-343-4312 |
| Emily Herroun | Home | | |
| | Business | | |
| Amy L. Hendricks | Home | | |
| | Business | | |
| Yolanda Guerrero | Home | | **RECEIVED** |
| | Business | | **MAR 05 2024** |
| [redacted] | Home | | |
| | Business | | **ISP-DII** |

*Deputy Director's Office*

Print Summary of Occurrence of Which You Are Complaining:

Mailroom Supervisor Laura Henson, and her Co Conspirators: Kayla Frye, Emily Herroun, Amy L. Hendricks, and Yolanda Guerrero are committing Fraud, and Falsifying state document(s) to justify their actions. Above named IDOC employees are Frustrating, obstructing, destroying, and/or Preventing the delivery of outgoing Certified-Priority- and Regular Mail after the funds are Fraudulently deducted.

Funds off of [redacted] account continues to be fraudulently deducted for postal services that [redacted] did not request nor approved. Incoming and Outgoing Mail concerning [redacted] Criminal Case [redacted] continues to be targeted, and prevented from delivery at every facility Mason has been sent to, including Henry Hill Correctional Center.

(Summary Continued on Other Side)

IL 493-0228

Case #24-42107900007     TN24 3-23 (1/06)
Attachment: 1     Page 1 of 4
Date: 03/05/24

CONTINUATION OF SUMMARY

As well as incoming ████ legal mail and/or Privileged mail from Courts, Attorney's and Government Officials being opened without being in my presences, and documents confiscated without notice nor approval from ████████

I request that Illinois State Police investigate Criminal Behavior by Illinois Department of Corrections IDOC employees who were and/are currently working at this facility. I want to press charges for Criminal Acts of Fraud, Mail Tampering, and IDOC employees falsifying state documents concerning ██████. I request a stamped file copy. ████ contends that prison officials are interfering with U.S. mail, which includes outgoing mail not being delivered which pertain to ████████ action to address his prior conviction.

Above is named in Pending Litigation

Complainant's Initials

**Please Read Before Signing**

[✓] I understand, and it is my desire, that this complaint be investigated diligently. I declare that the allegations contained in this complaint are true.

[✓] I also understand that it is a violation of 720 ILCS 5/26-1(a)(4) to willfully make a false report. In the event the report is proven to be false, the information may be provided to the State's Attorney for possible prosecution.

[ ] The complainant in this matter is either unknown, unable, or is unwilling to swear out the affidavit. The information contained in this form is a true and accurate summary of the incidents as related to me by the complainant.

Signature of Complainant

████████████████

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

Notary Signature

2-27-2024

SEAL

The signature of _____, was subscribed and sworn before me, this _____ day of _____ , 20 ___ .

| Person Receiving Complaint: | ID No. | Place Taken: | Date: | Time: |
|---|---|---|---|---|
|  |  |  |  |  |

**DISTRIBUTION**
Original direct to DII
First copy through channels to Deputy Director
Second copy investigative file

**RECEIPT ACKNOWLEDGED**

| | | |
|---|---|---|
| Supervisor | | |
| District Commander | | |
| Area Commander | | |
| Assistant Deputy Director | | |
| Deputy Director | | |

Case: #24-42107900007    TN21
Attachment: 1    Page 2 of 4
Date: 03/05/24

COPY !

## Illinois State Police
### Complaint Against Department Member

| | DII Number | | Date of this Report |
| --- | --- | --- | --- |
| | | | 2/21/2024 |

Name of Complainant (Please Print): ▓▓▓ Individual in Custody    Date of Birth ▓▓▓

Social Security No.

Address: Henry Hill Correctional Center· P.O.Box 1700 · Galesburg IL 61402

Home Phone

Employer: Illinois Department of Corrections

Business Phone

Date and Time of Incident: May 2, 2023 AM

Address Where Incident Occurred: 600 S. Linwood Road, P.O. Box 1700, Galesburg IL 61402.

Name of Person(s) You Are Complaining About. If Known.

1. Brandon McCune                  2. Roy Little

3. R. Livingston                   4.

Have You Reported This To Anyone Previously? ☒ Yes ☐ No

If So, Whom: Acting Director Courter, Government Entities    Date

### Persons Who Actually Saw Event (Including Self)

| Name | | Address | Phone No. |
| --- | --- | --- | --- |
| Brandon McCune | Home | | |
| | Business | Illinois Dept of Corrections | 309·343·4312 |
| Roy Little | Home | | |
| | Business | | |
| R. Livingston | Home | | |
| | Business | | |
| ▓▓▓ | Home | | **RECEIVED** |
| | Business | | MAR 0 5 2024 |
| | Home | | |
| | Business | | ISP-DII |

*Deputy Director's Office*

Print Summary of Occurrence of Which You Are Complaining:

On May 2, 2023 I was unlawfully restrained by: Brandon McCune, Roy Little, and R.Livingston in they office. I was denied numerous of times to leave, I was threaten, and forced to sign a statement under duress that they would not let me read due to complaints submitted to IDOC Acting Director Latoya Hughes concerning Internal Affairs, and Intelligence Unit targeting me, and my Criminal Case Documents at Every Facility I've been sent to.

I let them know as soon as I got in they office that I did not want to talk to them, I did not feel comfortable, and that I want to leave. Brandon McCune and Roy Little stated "Your not leaving this office until you do what we need you to do." Brandon McCune then stated "You know we have the power to make your bid even harder here, and your not going to be able to prove Any thing when we

*(Summary Continued on Other Side)*

CONTINUATION OF SUMMARY

finish with you". R. Livingston then stated "We just need you to sign a statement saying you feel safe and that you can go back to the cell house, or you can go to segregation and all your shit will come up missing".

Roy Little then stated " Your going to talk to us and sign this statement or go to segregation cause I don't give a fuck about your lawsuits". I was afraid, and I'm still terrified due to being targeted by Internal Affairs, and Intelligence Unit within Illinois Department of Corrections. I do not feel safe, and I feel my life is in danger due to Administrative malfeasance are ongoing, aswell as retaliation.

I want to press charges, and file a restraining order due to continuing to be harassed, and retaliated against, and threatenby Internal Affairs/ Intelligence Unit members: Brandon McCune, Roy Little, R. Livingston, and etc. Also I request a stamped file copy, and a restraining order.

Above is named in Pending Litigation...

Complainant's Initials

**Please Read Before Signing**

[✓] I understand, and it is my desire, that this complaint be investigated diligently. I declare that the allegations contained in this complaint are true.

[✓] I also understand that it is a violation of 720 ILCS 5/26-1(a)(4) to willfully make a false report, in the event the report is proven to be false, the information may be provided to the State's Attorney for possible prosecution.

[ ] The complainant in this matter is either unknown, unable, or is unwilling to swear out the affidavit. The information contained in this form is a true and accurate summary of the incidents as related to me by the complainant.

Signature of Complainant

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

Notary Signature

2-27-2024

The signature of _____ , was subscribed and sworn before me, this _____ day of _____ , 20 ___

| Person Receiving Complaint | ID No | Place Taken: | Date | Time: |
|---|---|---|---|---|
| | | | | |

DISTRIBUTION
Original direct to DII
First copy through channels to Deputy Director
Second copy investigative file

| RECEIPT ACKNOWLEDGED | |
|---|---|
| Supervisor | |
| District Commander | |
| Area Commander | |
| Assistant Deputy Director | |
| Deputy Director | |

Case: #24-42107900007    TN21
Attachment: 1    Page 4 of 4
Date: 03/05/24

## ILLINOIS STATE POLICE
## INVESTIGATIVE REPORT

| DII Case Number | Case Number 24-42107900007 | Case Title DII NORTHERN COMMAND INTELLIGENCE FILE | | Report Type | | | |
|---|---|---|---|---|---|---|---|
| | | | | ✓ Individual | Location | | Vehicle |

| TN# 34 | Report Title | TN:34 - (COMPLAINANT) | | Report Date 04/15/2024 | Activity Date 04/15/2024 | Lead Number |
|---|---|---|---|---|---|---|

| InterviewType | Not Recorded | Audio Recording | Drug Buys | Arrest Warrants | Search Warrants | Overhear Admin | Overhear Warrant |
|---|---|---|---|---|---|---|---|
| | CVSA Recording | Video Recording | | | | | |

| Reporting Agent KUELPER, JOHN | ID Number 5386 | Zone/Office ISP DII NORTHERN COMMAND |
|---|---|---|

| Case Agent HAMLIN, GINA | Case Agent ID Number 15433 | Case Agent Zone/Office ISP DII NORTHERN COMMAND |
|---|---|---|

| ALPR Used Yes | ALPR Location |
|---|---|

### NARRATIVE

On April 2, 2024, DII agents received a hand-written Complaint Against Department Member (CADMF) Form from Illinois Department of Corrections (IDOC) Inmate ▓▓▓▓ who is housed at the Henry Hill Correctional Center (HHCC) regarding an allegation of sexual assault by IDOC Correctional Officer (CO) Jackson.

On April 15, 2024, DII agents received electronic correspondence from IDOC HHCC Internal Affairs Lieutenant Brandon McCune who advised they have already conducted an investigation regarding the allegation from ▓▓▓▓. Their investigation revealed the allegation was unsubstantiated.

Copies of ▓▓▓▓ CADMF and McCune's electronic correspondence are attached to this report.

ATTACHMENT:
1. Copy of ▓▓▓▓ CADMF, received on 04/02/24, consisting of two pages.
2. Copy of McCune's electronic correspondence, received on 04/15/24, consisting of three pages.
3. Copy of Referral Letter, sent on 04/15/24, consisting of one page.

### ATTACHMENTS

| Attachment Description CADMF |
|---|

Disclaimer: This document contains neither recommendations nor conclusions of the Illinois State Police. It and its contents are not to be disseminated outside of your agency.

## ATTACHMENTS

Attachment Description
**McCune Electronic Correspondence**

## ATTACHMENTS

Attachment Description
**Referral Letter**

## INDIVIDUAL

| Last Name | | First Name | | | Middle Name | | Person Type |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Complainant** |
| AKA/Maiden | | Sex **MALE** | | SexUnknownDesc | | Race | |
| DOB | SSN | | | ISP Employee?  ☐ Yes  ✓ No | Employee Number | | |
| Drivers License Number | | Home Telephone | | | Cell Telephone | | |
| Street **600 SOUTH LINWOOD** | | | | | | | |
| City **GALESBURG** | | | State **IL** | Zip Code **61401** | How Long | | Personal History ☐ |

Approved By
**Bocka, Kyle    #6254**

Disclaimer: This document contains neither recommendations nor conclusions of the Illinois
State Police. It and its contents are not to be disseminated outside of your agency.

## Kuelper, John

| | |
|---|---|
| **From:** | McCune, Brandon |
| **Sent:** | Monday, April 15, 2024 9:50 AM |
| **To:** | Sullivan, James; Kuelper, John |
| **Cc:** | Bocka, Kyle |
| **Subject:** | RE: ███████████ complaint-Hill CC |

Sir,

I interviewed by individual in custody ███████████████████████ on Wednesday, April 10, 2024. ██████ stated
while being pat searched during box checks on March 30, 2024, Correctional Officer Trainee JACKSON K. STANLEY
touched ██████ genitals while performing the pat search. ████████ stated at the time of the search he was
wearing athletic shorts and he does not know why COT STANLEY performed the pat search the way he did. ████████
██████ stated COT STANLEY never grabbed or squeezed ██████ genitals. ████████ stated the pat search was
performed as if he was wearing pants at the time. ████████ stated he knows what proper pat search procedure
is, and COT STANLEY did not follow procedure set forth. ████████ stated there were no sexually harassing
comments made while the search was being performed. ████████ stated no sexually harassing comments were
made after the search was performed.

Correctional Officer Trainee JACKSON K. STANLEY was interviewed on April 10, 2024. COT STANLEY stated he asked
██████ to step out of the cell during morning box checks, so ██████ could be pat searched. COT STANLEY stated while
performing the pat search, he used the back of his hand to pat search ██████ athletic shorts. COT STANLEY stated he
performed the pat search as taught at the academy. COT STANLEY stated at no time did he touch ██████ genitals. COT
STANLEY stated at no time did he never inserted his hand inside of ██████ butt-crack. COT STANLEY stated he never
moved his hand in a back-and-forth motion inside ██████ butt crack. COT STANLEY stated as ██████ was walking
back into his assigned cell, ██████ started to tell staff that staff cannot perform pat searches like that.

The allegation of sexual assault set forth by individual in custody ███████████████████████ is unsubstantiated.
Correctional officer trainee performed a proper pat search. Pat searches are performed the same if an individual in
custody is wearing state pants or athletic shorts.

If you need any additional information please let me know.

**_Lieutenant Brandon McCune_**
**Internal Affairs**
**Hill Correctional Center**
**309-343-4212 ext. 315**
brandon.mccune@illinois.gov

**From:** Sullivan, James <James.Sullivan@illinois.gov>
**Sent:** Monday, April 15, 2024 8:57 AM
**To:** Kuelper, John <John.Kuelper@illinois.gov>; McCune, Brandon <Brandon.McCune@illinois.gov>
**Cc:** Bocka, Kyle <Kyle.Bocka@illinois.gov>
**Subject:** RE: ███████████ complaint-Hill CC

1

Between training and preapproved benefit time, Lt. McCune is just coming back to work. Unfortunately, he's the only one who can interview staff members at Hill CC. Sorry the for the delay.

**From:** Kuelper, John <John.Kuelper@illinois.gov>
**Sent:** Monday, April 15, 2024 8:48 AM
**To:** Sullivan, James <James.Sullivan@illinois.gov>; McCune, Brandon <Brandon.McCune@illinois.gov>
**Cc:** Bocka, Kyle <Kyle.Bocka@illinois.gov>
**Subject:** FW: ▮▮▮▮▮▮▮▮complaint-Hill CC

Good morning,

I wanted to follow up on this complaint. Specifically the one titled #3 above in reference to a allegation on 3/20/24 against CO Jackson. Let me know if you have any information about this incident. Thank you for your assistance.

Sergeant John Kuelper #5386
Illinois State Police | Division of Internal Investigation | Northern Command
3107 East Lincolnway, Sterling, IL 61081 | Cell: ▮▮▮▮▮▮ Office: 815-632-4010 ext 253
John.Kuelper@Illinois.gov

**From:** Sullivan, James <James.Sullivan@illinois.gov>
**Sent:** Wednesday, April 10, 2024 9:02 AM
**To:** Kuelper, John <John.Kuelper@illinois.gov>
**Cc:** McCune, Brandon <Brandon.McCune@illinois.gov>; Milsap, Christopher <Christopher.Milsap@illinois.gov>; Roache, James <James.Roache@illinois.gov>
**Subject:** FW: ▮▮▮▮▮▮▮▮complaint-Hill CC

We received this complaint from DII on the 9th. We'll advise. Brandon, please add John to your response. Thanks

**From:** Sullivan, James <James.Sullivan@illinois.gov>
**Sent:** Tuesday, April 9, 2024 10:31 AM
**To:** McCune, Brandon <Brandon.McCune@illinois.gov>; Little, Roy <Roy.Little@Illinois.gov>; Milsap, Christopher <Christopher.Milsap@illinois.gov>; Roache, James <James.Roache@Illinois.gov>
**Subject:** Fwd ▮▮▮▮▮▮▮▮complaint-Hill CC

Here we go again with ▮▮▮▮ Please follow the Commanders directions below. Thank you.

Get Outlook for iOS

**From:** Roache, James <James.Roache@Illinois.gov>
**Sent:** Tuesday, April 9, 2024 10:15:02 AM
**To:** Sullivan, James <James.Sullivan@illinois.gov>
**Subject:** FW: ▮▮▮▮▮▮▮▮complaint-Hill CC

Deputy Commander Sullivan,

Please have IA at Hill CC, deliver ISP declination to investigate IIC ▮▮▮▮ allegations.

Also please have IA review the complaints to determine if there is any credibility to IIC ████ allegations. As there is mention of IA staff at Hill involvement, please ensure that this is assigned to independently review the complaint for a response.

Thank you,
jim

**From:** Escamilla, Edward <Edward.Escamilla2@Illinois.gov>
**Sent:** Tuesday, April 9, 2024 7:28 AM
**To:** Roache, James <James.Roache@Illinois.gov>
**Cc:** Fulcher-Green, Natasha <Natasha.Fulcher-Green@illinois.gov>
**Subject:** FW: ████████████ complaint-Hill CC

Good morning Jim,
Please have someone at Hill CC deliver this letter to the IIC. Let's also have facility IA review the complaints to see if any additional action is warranted. Natasha will need a response for her records.

Thanks

**From:** ISP.DIICaseManager <ISP.DIICaseManager@Illinois.gov>
**Sent:** Tuesday, April 9, 2024 7:23 AM
**To:** Escamilla, Edward <Edward.Escamilla2@Illinois.gov>
**Cc:** Fulcher-Green, Natasha <Natasha.Fulcher-Green@illinois.gov>; File, Jeff <Jeff.File@illinois.gov>; Taylor, Jayme <Jayme.Taylor@illinois.gov>; Bocka, Kyle <Kyle.Bocka@illinois.gov>
**Subject:** ████████████ complaint-Hill CC

Chief Escamilla,
Attached is a letter for hand-delivery to IIC ████████████ at Hill Correctional Center and a referral back to IDOC.

Respectfully,

Gina Hamlin
Case Manager
Illinois State Police
Division of Internal Investigations
801 South 7th Street, Suite 100-N
Springfield, IL 62703-2487
Desk 217/782-5398
Cell ████████
Fax 217/557-3767

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

3

COPY!

**Illinois State Police**
**Complaint Against Department Member**

| | | |
|---|---|---|
| | DII Number | Date of this Report 3/28/2024 |
| Name ████████ | Date of Birth ████████ | Social Security No. |

Address: Henry Hill Correctional Center - P.O. Box 1700 - Galesburg IL 61402

Home Phone

Employer: Illinois Department of Corrections

Business Phone

Date and Time of Incident: 3/20/2024 between 7am - 1:30am

Address Where Incident Occurred: 600 S. Linwood Road, P.O. Box 1700, Galesburg IL 61402

Name of Person(s) You Are Complaining About, If Known.
1. C/O Jackson #13043
2.
3.
4.

Have You Reported This To Anyone Previously? ☒ Yes ☐ No
If So, Whom. P.R.E.A Hot line, Warden, Director, IDOC Acting Director
Date 3/20/2024 & 3/21/2024

**Persons Who Actually Saw Event (Including Self)**

| Name | Address | Phone No. |
|---|---|---|
| C/O Range (Ross) | Home / Business Illinois Dept of Corrections | 309 343-4312 |
| Major Ford (Paul) | Home / Business | |
| Major Lawson (Aaron) | Home / Business RECEIVED APR 02 2024 | |
| Lieutenant Cox (Martin) | Home / Business ISP-DII Deputy Director's Office | |
| Lieutenant Matherly | Home / Business | |

**Print Summary of Occurrence of Which You Are Complaining:**

On above date at around 7am "Box Check" was stated on R2 D wing. Correctional Officer C/O Jackson #13043 came to 21 cell and told me and my cellmate to step out the cell. When I came out the cell C/O Jackson #13013 searched me and pushed the side of his hand up my butt crack and rubbed my genitals (balls) with his hand. Camera's will reflect on R2 D wing cell 21 that as soon as C/O Jackson #13043 did this to me I moved and turned and stated "What the Fuck" to him, and he stated "I'm sorry" and I heard laughing. This incident happened on 3/20/2024.

I feel violated, uncomfortable, and I heard laughing by the Correctional Officers. How do in the morning box check become shakedowns as to where I'm being humiliated, antagonized, provoked, and Sexually Assaulted by Correctional Officers. On 3/6/2024 Cameras will reflect a box check was just did on R2 D cell 21 and etc.

(Summary Continued on Other Side)
ISP 3-23 (1/06)

II 463-0228

Case: #24-42107900007    TN34
Attachment: 1    Page 1 of 2
Date: 04/02/24

CONTINUATION OF SUMMARY

The Warden is allowing these tactics, and repeatedly ignoring our complaints of this conduct. By his inaction he is enabling the staff to engage in this conduct, and is thereby accountable for all of his subordinates.

I notified C/o Youngren that I needed to use the phone to call P.R.E.A and he asked me what for, and told him its confidential, and he told me to lock up and wait til he get threw running dietary and never let me use the phone when this is an emergency issue.

On 3/21/2024 C/o Jackson was placed back in R 2 cell house and continued to walk around on Dwing. When I seen him I called P.R.E.A Hotline again at around 9 am. At around 9:04 he was staring at me while I'm on the phone while he was in the foyer outside of the entry door of Dwing. I want to press charges for Sexual Assault,

Complainant's Initials

**Please Read Before Signing**

[✓] I understand and it is my desire that this complaint be investigated diligently. I declare that the allegations contained in this complaint are true.

[✓] I also understand that it is a violation of 720 ILCS 5/26-1(a)(4) to willfully make a false report. In the event the report is proven to be false, the information may be provided to the State's Attorney for possible prosecution.

[ ] The complainant in this matter is either unknown, unable, or is unwilling to swear out the affidavit. The information contained in this form is a true and accurate summary of the incidents as related to me by the complainant.

Signature of Complainant
MICKEY MASON

Notary Signature

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

The signature of [REDACTED] was subscribed and sworn before me this 22 day of March 20 24.

| Person Receiving Complaint: | ID No. | Place Taken: | Date | Time |
|---|---|---|---|---|

**DISTRIBUTION**
Original direct to DII
First copy through channels to Deputy Director
Second copy investigative file

RECEIPT ACKNOWLEDGED

| | |
|---|---|
| Supervisor | |
| District Commander | |
| Area Commander | |
| Assistant Deputy Director | |
| Deputy Director | |

Case: #24-42107900007    TN34
Attachment: 1    Page 2 of 2
Date: 04/02/24



**ILLINOIS STATE POLICE**
*Division of Internal Investigation*

JB Pritzker
*Governor*

Brendan F. Kelly
*Director*

April 15, 2024

Individual in Custody ███████████
Illinois Department of Corrections
Henry Hill Correctional Center
600 South Linwood Road
Galesburg, Illinois 61401

Dear Mr. ████:

    Re:   Your complaint dated March 22, 2024

    On April 2, 2024, the Illinois State Police, Division of Internal Investigation (DII), received your complaint against an IDOC employee, a Correctional Officer. DII conducted a preliminary inquiry into your allegations, which included a review of your complaint.

    This letter is to inform you the preliminary inquiry has been completed and it was determined your complaint did not meet the criteria required for an investigation by the Illinois State Police at this time. The nature of your complaint falls within the jurisdiction of the Illinois Department of Correction Investigations. A copy of your complaint has been forwarded to Illinois Department of Corrections Investigations. DII will not take any further action on the matter at this time. Please do not hesitate to contact me at 847/294-4466, if you have any questions.

    Sincerely,

███████████

A/Captain Jeff File
DII Northern Commander

JF:jk

| | Illinois Department of Corrections **Administrative Directive** | Page **8** of **11** |
|---|---|---|
| Number: 05.10.110 | Title: Use and Control of Individual in Custody Storage Boxes and Commissary Items | Effective: 6/1/2023 |

a. In preparation for morning count or a cell or institution transfer, or upon staff request, all property must be returned to the appropriate storage box; the box lids shall be closed; and the storage boxes shall be stored under the bunks prior to inspection.

b. Individuals in custody who refuse to comply with the order to return their property to the appropriate personal property storage box and correspondence storage box prior to movement:

(1) Shall not be permitted movement;

(2) May be refused the service or privilege for which the movement is needed; and

(3) Shall be subject to disciplinary action in accordance with Department Rule 504A.

**NOTE:** Exceptions to this policy shall be made for court ordered writs, attorney telephone calls, medical reasons and Administrative Review Board and Prisoner Review Board proceedings.

10. Individuals in custody in Minimum Security dorm-style facilities may be allowed to utilize padlocks. Padlocks shall be:

a. Monitored by security staff and signed for by the individual in custody using the Individual in Custody Padlock Agreement, DOC 0657.

**NOTE:** Individuals in custody shall be issued no more than two (2) padlocks.

b. Utilized to secure the individual in custody's personal property storage box and/or correspondence storage box.

c. Secured only to the individual in custody's:

(1) Personal property storage box and/or correspondence storage box; or

(2) Bed frame.

11. Operations shall develop a list of personal property allowed in restrictive housing and Administrative Detention within the Department.

a. The list shall:

(1) Be provided to the CAO for approval at each facility.

(2) Meet the minimum standards set forth in Department Rule 504.620.

b. Individuals in custody within restrictive housing shall be permitted personal property as approved by the CAO.

c. The possession of religious items shall be governed by Department Rule 425.

d. Unless there is a safety or security concern, individuals in custody shall be permitted to retain medical devices. Any medical device flagged by security staff as a safety or security concern shall:

(1) Require review by facility medical staff to confirm that the device is medically

# EX-PRISON GUARD GETS 20 YEARS FOR FATAL INMATE BEATING

## Judge notes victim was handcuffed and guard repeatedly lied about attack

BY SHANNON HEFFERNAN
WBEZ

A federal judge has sentenced a former prison guard to 20 years for joining at least two other guards in fatally beating 65-year-old Larry Earvin to death at the Western Illinois Correctional Center and attempting to cover it up.

Alex Banta, 31, told the judge at his sentencing hearing in Springfield on Thursday that he took the prison job when he was 29 to support his girlfriend and child and had "no idea how this job was going to change me."

He said he was trained by superiors that there would be things that happened inside that he should ignore and that he should not put anything about fellow guards into reports. Banta said he learned that "if you don't personally give payback to these guys, you keep your mouth shut about it."

In handing down the sentence, U.S. District Judge Sue Myerscough acknowledged the culture of violence at the facility but said the evidence showed the guards beat Earvin while he was handcuffed and posed no threat, in an area without video cameras.

Myerscough said Banta delivered the most serious blow, "jumping up in the air and landing with both knees" on Earvin, who suf-

fered 15 rib fractures, a punctured colon and injuries from head to toe.

Banta then repeatedly lied about the attack, the judge noted.

Earvin's killing was part of a larger pattern of abuse at the prison uncovered by WBEZ. Testimony at the trial showed guards protected each other and looked the other way when abuse occurred, and discipline systems failed repeatedly.

Banta's attorneys asked the judge for a 10-year sentence. Prosecutors had asked for life.

Earvin's brother, Willie Earvin, testified that the two boys were close as kids and even shared a bed. He said he was glad his parents did not live long enough to know what happened to their son.

"What kind of person does it take to assault a 65-year-old man that is handcuffed?" Willie Earvin said on the stand.

Larry Earvin's son Larry Pippion also addressed the court, saying the treatment of his father was shocking.

"It's been overwhelming," Pippion said. "Especially when my kids have questions."

A federal jury convicted Banta in April of 2022 of conspiracy to deprive civil rights, deprivation of civil rights, obstruction of an

investigation, falsification of a document and misleading conduct.

Two other former guards involved in the beating and cover-up are awaiting sentencing. Todd Sheffler of Mendon is scheduled to be sentenced March 20 and Willie Hedden, of Mount Sterling, on March 22. Hedden pleaded guilty and cooperated with prosecutors, which could result in a lighter sentence.

Banta's four-week trial in spring of 2022 revealed systemic problems at Western Illinois Correctional Center. Numerous guards testified they witnessed the beating but admitted they didn't report it and even lied to state police about it.

A WBEZ investigation found Earvin was beaten in an infamous part of the prison where staff routinely abused prisoners because they knew there were no security cameras. An internal affairs report, written by a prison official, flagged the lack of video at that location in 2017, more than a year before the killing of Earvin.

Before Earvin's death, nine other prisoners accused staff of beating them in a blind spot, including Roger Larimer, who told local prosecutors state officials and health care workers he was beaten by Banta in a vesti-

bule with no cameras.

When he heard about Earvin's death, he was disturbed by the similar details. "It's so upsetting because I tried to reach out," Larimer said.

Earvin lived with mental illness and was homeless at the time he committed the crime that put him behind bars for three years.

According to a police report, he stole watches from a hospital gift shop, then attempted to sell them on the street to a woman. He and the woman agreed on a price — $11 — and as she was handing over the cash, he grabbed it, smacked her hand and started walking away.

Earvin died on June 26, 2018, from blunt trauma to the chest and abdomen, just a few months before he was scheduled to be released. He was buried in an unmarked grave.

Larry Pippion noted his father's mental illness and asked, "Why was he incarcerated in the first place for such a petty theft ... Why couldn't he have been helped instead of thrown away?"

Delivering the sentence, Myerscough said through tears that Earvin's "incarceration with mental illness is an indictment of our system."

SEE ITEMIZE LIST OF NOTICE(S) TO ILLINOIS DEPARTMENT

OF CORRECTIONS, AND ACTING DIRECTOR(S); ROB JEFFREYS

AND LATOYA HUGHES

(1) On 3/10/2022 Emergency Grievance was submitted that clearly stated " I, MICKEY MASON contents that there is a systematic problem and/ or conspiracy where the Wardens- The Administration- The Mailroom staff- Trust Office- Business Office- Inte/Internal Affairs staff at IDOC facility's such as; Menard- Lawrence- And Sheridan Correctional Center Are openingly conspiring to cause pain, suffering, stress, sleep deprivation, And Legal Injury due to continuing to destroy outgoing legal And Privileged mail going to such sources as Attorney's, And/or Government Officials concerning my wrongful conviction for Case No. 08CR1839302, And/or preventing it's delivery."

[See Attached Emergency Grievance dated 3/10/2022, Grievance Officer and Warden denial of Grievance dated 4/20/2022, And Administrative Review Board denial by Adewale Kuforiji in Spring date Field IL/Illinois Department of Corrections claiming that Mason has "No Merit".]

(2) On 11/8/2022, Plaintiff submitted An Emergency Grievance/Notice that clearly stated "Defendant Rob Jeffreys was notified and has Knowledge of IDOC policy violations listed by Mason due to notices sent Certified Mail, Mail, Emergency Grievances, Grievances, Complaints, calls from family, and Emails regarding:

mail interference, harassment, sexual harassment, Protective Custody, bribery, threats, retaliation, hindered communication, And Administration causing An hostle environment by IDOC employees/Officials in which Defendant Rob Jeffreys facilated, Approved, condoned, or turned A blind eye to it for fear of what he might see.

Mason is in fear for his life, and do not feel safe due to the Administrative Malfeasance by Defendant Rob Jeffreys, Warden's, Internal Affairs, and Intelligence Unit members at ALL IDOC facility due to an abuse of power, deliberate indifference, and retaliation. Internal Affairs members, and Intelligence Unit members at Menard CiC, Lawrence CiC, And Sheridan CiC want individuals in custody to be they personal confidential informant in order to get placed in school, Programs, or get certain jobs. I've witnessed these malicious acts, and I'm A victim of them. I'm being discriminated Against and the Administration has done nothing to contribute to my rehabilation, and development as A human being, and everything to contribute to the detriment and deterioration of my mental health while it's evidence of me being illegally detain for First Degree Murder."

[See Attached Emergency Grievance dated 11/8/2022, And Administrative Review Board denial by Adewale Kuforiji dated 11/2/2022 when it clearly states in Section 504.870 Direct Review By Administrative Review Board that "A) Individuals in Custody shall submit grievances directly to the Administrative Review Board when #(4) Other issues that pertain to A facility other that the facility where the offender is currently assigned"].

(3) On February 3, 2023 Plaintiff sent an Affidavit to Illinois Department of Corrections/ Acting Director that clearly stated,

"I, MICKEY MASON being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge, and belief, and if called as a witness, I am compelent to testify there to: Internal Affairs, and Intelligence Unit members is openingly conspiring with sworn Peace Officers, State Attorney's, and Prosecutor's to harm me, and keep me wrongfully convicted at: Menard c.c, Lawrence c.c, Sheridan c.c, and Henry Hill c.c/ Illinois Department of Corrections.

1). Menard Correctional Center - While housed there my Criminal Case discovery was targeted, and I was targeted by Internal Affairs, and Intelligence Unit members: William A. Spiller, Nathan McCarthy, Nathaniel Ward, and etc. William A. Spiller who physically assaulted me goes by the name of Andy Spiller now. Who have also threaten me with his brother Welsey Spiller, and William A. Spiller is now a "Deputy Commander of Intelligence Units in Illinois".

Nathan McCarthy - Camera's will reflect on November 7, 2018 in Menard Correctional Center that he walked pass my cell twice and stated to me that I'm dead. Also, Nathan McCarthy, William Spiller, and Nathaniel Ward was openingly clearly marked legal mail and privileged mail incoming and outgoing, destroying - obstructing - or preventing the delivery of legal and privileged mail concerning Masons Criminal Case

No. 08CR1839303. Now Nathan McCarthy is A "District Coordinator" who's overseeing multiple facilities in their Intelligence Units at: Vandalia, Centralia, Pinckneyville, South Western, Murphysboro, and DuQuoin. Nathan McCarthy reports to Andy Spiller - better Known As William A. Spiller who's family works in Springfield/Illinois Department of Corrections. [See Case(s) Mason v. Spiller 17.-cv-00867, And Mason v. Snell 19-cv-1019]

   3). Lawrence Correctional Center - While housed there I was targeted, and my Criminal Case discovery was targeted by Internal Affairs, and Intelligence Unit members: Josuha Young, Mary Weaver, C. Piper, C/o Pluckett, and Shawn Ochs. Josuha Young stated to me that he could call any facility I'm sent to and make it hard on me. I was bribed, threaten, and forced to sign a statement by Josuha Young.

   I was denied to take my legal documents on Attorney Visit October 22, 2019 due to Josuha Young, Mary Weaver, C. Piper, C/o Pluckett, and Shawn Ochs openingly conspiring to cause harm, deny Due Process, and consult with Attorney Ari Williams with documents concerning Criminal Case/Wrongful Conviction. I was targeted by Internal Affairs, and Intelligence Unit members which Josuha Young, Mary Weaver, C. Piper, C/o Pluckett, and Shawn Ochs openingly conspired to destroy, obstruct, or prevent Legal and Privileged Mail from delivery concerning Criminal Case No. 08CR1839303. [See Case Mason v. Cecil-19-cv-1375]

3) Sheridan Correctional Center - While housed there I was targeted, and my Criminal Case discovery was targeted by Internal Affairs, and Intelligence Unit members: J. Stoll, Wesley Schmidt, J. Prenta, David Nolan, and Matthew Scarbrough who destroyed, obstructed, or prevented legal and Privileged mail concerning my Criminal Case from delivery.

Mason was bribed, fraudulent information was submitted in reports/files, and above openingly conspired to cause harm, deny Due Process, harass, and retaliate against Mason for exposing Administrative Malfeasance.

[See Case Mason v. Martin 22-cv-03774].

4). Henry Hill Correctional Center - While I'm at Henry Hill C.C now, I'm targeted, and my Criminal Case discovery is targeted by Internal Affairs, Intelligence Unit members: Lieutenant McCune, R Livingston, C/o Little, and C/o Sharp. Illinois Department of Corrections is openingly conspiring to deny right to remedy as prescribed in the Ill. Constitution of 1970 Article 1, Section 12, Denied Due Process/ Equal Protection Article 1, Section 2, Denied Constitutional Rights, Civil Rights, and First Amendment which Mason continues to be threaten and retaliated against for exposing Illinois Department of Corrections Administrative Malfeasance.

[See Case Mason v. Henry Hill C.C 23-cv-04222]

5) MICKEY MASON do not feel safe being housed in Illinois Department of Corrections due to evidence that he's targeted by Illinois Department of Corrections due to evidence of openingly

6 of 33

Conspiring with Sworn Peace Officers, State Attorney's, And Prosecutors to keep me wrongfully convicted of Murder. I feel my life is in danger and I continue to be denied my First, Fourth, Fifth, Eighth, And Fourteenth Amendment Rights by Illinois Department of Corrections openingly conspiring with Sworn Peace Officers, Prosecutor's, And State Attorneys.

    Acting Director Latoya Hughes, And Government Entities such AS: JB Pritzker, Exective Inspector General, Attorney General, Illinois State Police, Lieutenant Governor Juliana Stratton, U.S Department of Justice, Illinois Department of Financial and Professional Regulation, And Head State Attorney (Kimberly Foxx) have all been notified and turned a blind eye which this makes them culpable for the Action of their subordinates.

    Mason is intimidated by Illinois Department of Corrections unwritten policy, pattern, and practice. Which have continued to violate his First, Fourth, Fifth, Eighth, And Fourteenth Amendment Rights. Mason feels his life is in danger due to continuing to expose the Administrative Malfeasance with Illinois Department of Corrections openingly conspiring with Sworn Peace Officers, State Attorney's, And Prosecutor's. Mason request a Protective Order while in Illinois Department of Corrections, And Emergency Injunction."

2 / 3 / 2023    "Note: This Rule 216 was ignore."

MICKEY MASON
#R04336
Henry Hill Correctional Center
P.O. Box 1700
Galesburg IL 61402

6 of 33

[SEE Attached [4] page Affidauit dated 2/3/2023, sent to Acting Director Latoya Hughes]


(4). On June 11, 2023, Plaintiff sent a Rule 216 Admission of Fact / statement of Facts Certified Mail to Acting Director Latoya Hughes. With a Warning: "If you fail to serve the response required by Rule 216 within 28 days after you are served with this document, All the facts set forth in the requests will be deemed true and all the documents described in the request will be deemed genuine".

In this Rule 216 number(s) 5 - 7 clearly notified Acting Director Latoya Hughes that "#5 Since Mason has been housed in Illinois Department of Corrections, ARB and IDOC Director's have received numerous complaints, concerning mail tampering, bribes, soliction, and threats by Internal Affairs and Intelligence Unit members in which is why Mason continues to be harassed, provoked, and retaliated against due to exercising his First Amendment Right to complain and Grievance Issues. Springfield Administration, and Investigations and Intelligence Unit continue to ignore Emergency Issues. [See Attached Letter Dated December 15, 2022].

#6 Mason sent an Emergency Complaint to Springfield that was forward to IDOC Director and etc dated 4/25/2023 that was sent

from his GTL Tablet threw Email, And Mason sent out an Emergency Grievance to ARB and IDOC Director that clearly stated:

"I do not feel safe at Hill Correctional Center, and I feel my life is in danger due to ongoing harassment and retaliation by staff and officials at this facility. I'm being denied my First Amendment to communicate and see my loved ones threw video visits in which I continue to be denied video visits in retaliation for having a right to Grievance Issues, File Complaints, and for having loved ones call Springfield and file Complaints on my behalf.

My Legal mail, Privileged Mail, and Regular Mail is being frustrated, obstructed, destroyed, or otherwise prevented from reaching its destination as well as Emails. I'm being denied to submit phone list to add loved ones phone numbers by counselors and Internal Affairs/Intelligence Unit members. I'm being targeted by staff and officials and my communication with my kids, loved ones, Lawyers, and Government Officials is being targeted at Hill Correctional Center due to exercising my First Amendment.

Counselors and Grievance Officers are fellow Correctional Officers that was put in place to protect and ignore Allegations against they fellow Correctional Officers. I continue to be antagonize, and provoked due to exposing Hill Correctional Center's Administrative Malfeasance and "I want to check into protective custody" due to being a target by Internal

Affairs, Intelligence Unit, Staff, and Officials At Hill Correctional Center."

#7. On May 2, 2023 I was called to Internal Affairs/Intelligence Unit office due to Email submitted to IDOC Director of me requesting Protective Custody due to harassment, retaliation, and Administrative Malfeasance by IDOC employees. My Complaints are against Internal Affairs, Intelligence Unit, Staff/Officials here at Hill Correctional Center and prior to being sent here in retaliation.

When I got to they office on Above date I started breathing fast, and I couldn't control it. It was a Lieutenant name McCune who's head of Internal Affairs, A member of Intelligence Unit, and Intel member named "Little". I let them Know As soon As I got in they office that I did not want to talk to them, I did not feel comfortable being in they office with them due to my Complaints Are Against them, and that I stand by my Statements in my Complaints that was sitting in front of them that was sent to them from Springfield.

Lieutenant McCune and Intel member "Little" stated "Your not leaving this office until you do what we need you to do" Lieutenant McCune then stated "You Know we have the power to make your bid even harder here, and your not going to be able to prove Anything when we finish with you". Intel member John Doe then stated "We just need you to sign a statement saying you feel safe and that you can go back to the cell house, or you can go to

segregation and all of your shit will come up missing". I was just
sitting there quiet feeling helpless, then Intel member "Little" stated
" Your going to talk to us and sign this statement or go to segregation
cause I don't give a fuck, and we'll make sure you don't get out, and
we don't give a fuck about your lawsuits".

I was sent to talk to individuals at the facility who I made
complaints against by Springfield Administration in violation of My
First Amendment to complain to head of Illinois Department of
Corrections in which was a conflict of interest. I was forced to talk
to Internal Affairs, and Intelligence Unit cause I requested to leave
4 times and they would not let me leave and told me that either
I talk to them or else.

I was forced to sign statement under Duress by Internal
Affairs and Intelligence Unit members on 5/2/2023 that they would
not let me read. I was unlawfully restrained in they office against
my will, threaten, and forced to give statements and sign statements
under duress due to threats. I want to press charges and file a
restraining order.

It's evidence that After I paid filing fees to proceed in 2
civil cases at Sheridan Correctional Center, I was retalinted against
by Intel member M. Scarbrough and provided a falsified Disciplinary
Report. [See Attached U.S. District Court Document dated 10/18/2022

2 pages]

[See Attached 8 page Rule 216 dated 6/11/2023 to Acting Director Latoya Hughes that was sent Certified Mail #7022-2410-0002-6966-0341, Authorization For Payment Receipt dated 6/13/2023, And Certified Mail # 7022-2410-0002-6966-0341 Receipt dated June 15, 2023]

(5) On August 8, 2023, Plaintiff sent another Rule 216 Certified Mail to Acting Director Latoya Hughes that was ignored, with a Warning: "If you fail to serve the response required by Rule 216 within 28 days after you are served with this document, all the facts set forth in the requests will be deemed true and all the documents described in the request will be deemed genuine."

In this Rule 216 numbers 1-9 including the Relief Requested was ignored, that clearly notified Acting Director Latoya Hughes that;

(1) On June 29, 2023, you expunge a disciplinary ~~reedeed~~ report dated October 23, 2022 incident #202201553/1-SHE that was submitted on Mason by Intel member M. Scarbrough in retaliation for exposing the Administrative Malfeasance while housed at Sheridan Correctional Center.

(2) The disciplinary report dated October 23, 2022 was false, fabricated, and it's evidence that Internal Affairs, Intelligence Unit, and other IDOC employees as well as the Wardens went and acted beyond the scope of the Department Rules, Offenses, and violated Institution Directive-Standards of Conduct just to punish Mason for exercising his First Amendment.

(3) Camera Footage proved that Mason never had a meeting to organize a mass protest, never went to cells to protest to individuals in custody, and clearly shows that Mason had a conversation with a Correctional Officer concerning more phone and shower time on 2nd shift.

(4) It's evidence that IDOC employees, Internal Affairs, Intelligence Unit, and Warden(s) at Sheridan C.C. knowingly provided false information, in statements, incident reports, damaging/destroying Masons Mail, committing fraud, submitting false or misleading information on written reports, in which above did not comply with departmental rules, written procedures, nor was they investigated or held accountable for they actions.

(5) Due to intentional Bad Acts by IDOC employees that's employed by the Illinois Department of Corrections, Mason was transferred to Henry Hill Correctional Center (Disciplinary Facility) where he had to do 3 months wrongful imprisonment in Segregation, 3 months C grade, 3 months B grade, and 3 months Contact Visit Restriction due to Administrative Malfeasance at Sheridan C.C.

(6) While Mason was in segregation at Henry Hill Correctional Center, he was intentionally placed in cells with the windows broke and couldn't

close with no heat from October 31, 2022 to Jan 2023, as well as being denied cleaning supplies. [See Attached Memorandum dated December 15, 2022]

(7) Also, Since Mason has been housed at Henry Hill C.C his Legal Mail concerning his Criminal Case|Wrongful Conviction Case No. 08CR1239302 has been targeted by Internal Affairs, Intelligence Unit, and Mailroom Staff so Mason can't get help nor prove his innocence due to evidence of him being illegally detained. [See Attached Letter dated August 22, 2022 from John Conroy at Mac Arthur Justice Center.]

(8) Mason submitted emergency grievance dated 5/18/2023, and attached evidence to Grievance to show that Certified Mail never made it to the post office from Henry Hill C.C.

(9) Mason is still suffering due to still being housed at Henry Hill C.C when Mason Disciplinary Ticket was expunge June 29, 2023, denied Law Library Access, denied Access To U.S. District Court, denied E-filing system, denied Emails, and still housed at Henry Hill C.C After ticket was expunged June 29, 2023.

## RELIEF REQUESTED

i) That Mason be transferred immediately to a facility of his choice: East Moline C.C due to his kids all stay in Cedar Rapids Iowa, or Alternative Kewanee Correctional Center.

2) That all staff be held accountable for violating DR's, and Standards of Conduct threw Complaint that was sent to Ms Latoya Hughes July 27, 2023 with all Attached Exhibit(s)."

[See Attached 4 page Rule 216 dated August 8, 2023 to Acting Director Latoya Hughes that was sent Certified Mail # 9589-0710-5270-0444-9252-94, Authorization For Payment Receipt dated 8/8/2023, And Certified Mail #9589-0710-5270-0444-9252-94 Receipt dated August 10, 2023]

(6), On October 1, 2023 Plaintiff sent another Rule 216 Certified Mail to Acting Director Latoya Hughes that was ignored, with A Warning: "If you fail to serve the response required by Rule 216 within 28 days after you are served with this document, all the facts set forth in the requests will be deemed true and all the documents described in the request will be deemed genuine."

In this Rule 216 number(s) 1-22 including the Again Notice that was ignored, and never answered by Acting Director Latoya Hughes that clearly stated that;

(1) Since MICKEY MASON has been housed in Illinois Department of Corrections, the Administrative Review Board and Prior/Current Acting Director's have received numerous complaints, concering harassment,

mail tampering, retaliation, administrative malfeasance, threats, bribery, fraud, and solicitation by IDOC employees, Internal Affairs, and Intelligence Unit members which is why Mason continues to be harassed, provoked, antagonized, degraded, and retaliated against due to exposing the Administrative Malfeasance in Illinois Department of Corrections.

(2) Numerous of times I notified the ARB, Prior, and current Acting Director's that I did not feel safe, and that I feel like my life is in danger due to being targeted by Internal Affairs, and Intelligence Unit members at: Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill Correctional Center due to them openingly communicating with one another.

(3) Numerous of times I notified the ARB, Prior, and Current Acting Director's that my Legal mail, Privileged Mail, Regular Mail, and Emails is being fustrated, obstructed, destroyed, or otherwise prevented from reaching it's destination after funds is deducted from my account, due to Internal Affairs, Intelligence Unit, Mailroom Staff, and Account Technicians at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C.

(4) Internal Affairs, Intelligence Unit, and IDOC employees at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C, have continued to submit fraudulent information in Mason's Master File, Disciplinary History/Reports, Offender 360, and etc.

(5) IDOC employees, Internal Affairs, Intelligence Unit, Mailroom staff, and Account Technicians at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C continue to violate department rules, written procedures, bulletins, and Masons Constitutional Rights.

(6) IDOC employees, Internal Affairs, Intelligence Unit, Mailroom Staff, and Account Technicians at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C knowingly provided false information, fake information, including but not limited to Fraudulent information provided in statements, and incident reports, which above was not subjected to disciplinary Action nor discharge.

(7) IDOC employees, Internal Affairs, Intelligence Unit, Mailroom staff, and Account Technicians at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C openingly conspired to read, damaged, prevent, and destroy MICKEY MASON's mail after funds were deducted from his account.

(8) MICKEY MASON have made numerous Complaints on a P.R.E.A recorded call while he's been in Illinois Department of Corrections concerning Internal Affairs, Intelligence Unit, and Mailroom Staff which he knows Alerted Springfield Administration, and Acting Director's.

(9) Internal Affairs, Intelligence Unit, Mailroom Staff, And Account Technicians At Menard C.C, Lawrence C.C, Sheridan C.C, And Henry Hill C.C have been openingly conspiring to hinder me from proving my innocences concerning my Criminal Case No. 08CR1839302, exposing Sworn Peace Officers, destroying evidence/documents, seeking help from Attorneys/Innocent projects, and exposing the Administrative Malfeasance in Illinois Department of Corrections.

(10) Internal Affairs, Intelligence Unit, And IDOC employees Knowingly submitted false and misleading information with the intent to mislead while Mickey Mason was housed at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill Correctional Center.

(11) Digital Camera Footage At Sheridan Correctional Center from 7pm to 8:05pm dated October 30, 2022 proves that Mason never had a meeting to organize a mass protest, went to individuals in custody cells to get them to refuse lockup, dinner trays, nor they job assignments.

(12) MICKEY MASON was kicked out of Sheridan Correctional Center October 31, 2022 due to IDOC employees, Warden(s) intentionally not following Department Rules, Standards of Conduct, along with Internal Affairs member Welsey Schmidt, and Intelligence Unit member

Matthew Scarbrough submitting fraudulent information in reports/documents in retaliation for Mason exposing the Administrative Malfeasance.

(13) Digital Camera Footage at Sheridan C.C from 3:30am to 4:30am dated September 10, 2022 proves that an IDOC employee Sergeant Forth intentionally got workers/porters off a Quarantine/Medical lockdown C Hall in C-25 cell house that had Covid-19 so it could intentionally spread to A Hall in C-25 cell house where I was housed jeopardizing my health, safety, and my life due to intentional acts.

(14) Digital Camera Footage at Sheridan Correctional Center from 9am to 2:30pm dated November 16, 2021 in personal property will prove IDOC employee Steve Taylor knew that I was mailing out my trial transcripts, and exonerating evidence/legal mail concerning my Criminal Case No. 08CR1839302 that the Attorney never got, nor was mail returned after I was charged $12.68.

(15) IDOC employees in Illinois Department of Corrections are impeding Investigations against Sworn Peace Officers, Prosecutor's, State Attorneys, and continue to hinder Mason from getting help concerning his wrongful conviction and Freedom due to Internal Affairs, Intelligence Unit, Mailroom Staff, and Account Techicians at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C.

(16) IDOC employees in Illinois Department of Corrections have been trained by IDOC legal Department Attorney's about the constitutional rights of the prisoner's under their watch. Nonetheless, in an act of Premeditation, the Illinois Department of Corrections have chose to violate Masons rights knowingly causing him physical and psychological injuries, which makes their scheme Criminal in Nature.

(17) Illinois Department of Corrections has an ongoing pattern and practice from Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C targeting Mason, his Discovery concerning his Criminal Case No. 08CR1839302, Along with being threaten, harassed, and retaliated against.

(18) Illinois Department of Corrections has a pattern and practice of fraudulently generating fake tracking numbers for outgoing Certified Mail Services requested by such prisoner's for outgoing mail that is being sent to Attorney's, Government Officials, and/or Private Citizens in furtherance of communicating about my wrongful conviction and such oppressive and unconstitutional conditions.

(19) Illinois Department of Corrections is deducting the funds for postage/Price Gouging for such Certified Mail and Regular Mail going to such sources giving the prisoner's carbon copies of mail receipts containing such fake tracking numbers, or otherwise

indicating that postage was paid for the outgoing mail to be forward to the designated receipient while actually destroying the mail and/or preventing its delivery.

(20) Counselors, and Grievance Officers are fellow Correctional Officers, or used to work as an Internal Affairs and/or Intelligence Unit member that's put in place to protect IDOC employees when they abuse they power.

(21) I do not feel safe, I'm targeted, and I feel my life is in danger due to Internal Affairs, Intelligence Unit ongoing pattern and practice of assisting Sworn Peace Officers, and malicious retaliatory tactics of denying me of my First Amendment.

(22) June 13, 2023 a statement of facts was sent to Acting Director Latoya Hughes Certified Mail #7022-2410-0002-6966-0241. Which Mason received no response. July 26, 2023 a Complaint/Notice was sent to Acting Director Latoya Hughes which Mason received no response. August 8, 2023 a Complaint was sent Certified Mail # 9589-0710-5270-0444-9252-94 which Mason received no response.''

[See Attached (7) page Rule 216 dated October 1, 2023 to Acting Director Latoya Hughes that was sent Certified Mail #9589-0710-5270-1326-3516-51, Authorization for Payment Receipt dated 10/1/2023, and Certified Mail #9589-0710-5270-1326-3516-51 Receipt dated October 4, 2023]

Carter V. Smith, 2009 WL 3088428 At *6 (E.D.P.A Sept 23,2009)
("Where a grievance alleges an ongoing constitutional violation, A supervisory
Defendant who reviews it is personally involved in that violation
because he is confronted with A situation he can remedy directly").

An official can be held liable if the conduct causing the constitutional
deprivation occurs at his direction or with his knowledge and consent. That is,
for liability he must know about the conduct and facilitate it, approve it,
condone it, or turn a blind eye. If there is some causal connection or
affirmative link between the action complained about and the official sued,
there can be liability under 42 U.S.C.S. § 1983.

An inmates correspondence to prison administrator may establish
a basis for personal liability under §1983 where that correspondence
provides sufficient knowledge of a "Constitutional Deprivation". Perez,
752 F.3d at 781-782 (citing Vance V. Peters, 97 F.3d 987, 993
7th Cir. 1996) stating that "A Prisoner Officials knowledge of Prison
conditions learned from an inmate's communication can under some
circumstances, constitute sufficient knowledge of the conditions to
require the officer to exercise his or her authority and take the
needed action to investigate and, if necessary, to rectify the
offending condition").

In other words, Prisoner request for relief that fall on 'deafears'
may evidence deliberate indifference. (Perez, 793 F.3d) Violations began

And continue, and the prevailing rule treat new acts, or ongoing inaction as new violations. The Seventh Circuit has recognized that a continuing violation is a claim where, among other things, "the State Actor has a policy or practice that brings with it a fresh violation each day". Savory V. Lyons 469, F.3d 667-73 (7th Cir. 2006),

Due to Latoya Hughes/ Illinois Department of Corrections ignoring the; Statement of Facts, Complaints, and Notices concerning Plaintiff being targeted at Hill Correctional Center due to Defendants at Sheridan Correctional Center, Illinois Department of Corrections, and Acting Director Latoya Hughes; denied to transfer Plaintiff, ignored Plaintiff's cry's for help, denied protective custody to Plaintiff, and failed to Protect Plaintiff in which Plaintiff was sexually assaulted by an IDOC employee March 30, 2024 at Hill Correctional Center.

Latoya Hughes and Prison Officials in Illinois Department of Corrections openingly conspired to cover for/ protect the IDOC employee (Abuser) instead of the Victim. Plaintiff has presented sufficient evidence to establish the existence of a genuine issue of material fact as to whether Latoya Hughes were deliberately indifferent to Plaintiff Mason Emergency Issues, because Mason is entitled to an inference that Latoya Hughes received Complaints, Notices, Statement of Facts, that Mason wrote, and sent via Certified Mail. See Jeff V. Penner, 439 F.3d 1091; 2006 U.S. App. Lexis 5891. 9th Cir,

Plaintiff had to request Protective Custody by sending Emails to his family dated 11/14/2024, to be forward to outside sources to make sure he received Protective Custody that Internal Affairs and Intelligence Unit at Hill Correctional Center denied to be sent to Plaintiff's family.

That was the only way Plaintiff was able to get from Hill C.C, is by going into Protective Custody due to Defendants' at Hill C.C ignoring his transfer requests, and openingly conspiring to target Plaintiff. Due to requesting Protective Custody against Internal Affairs, Intelligence Unit, and IDOC employees at Hill C.C, Plaintiff was retaliated against and sent back to Lawrence Correctional Center who Plaintiff submitted prior complaints / Civil Suit against that Acting Director Latoya Hughes Approved for Mason to be transferred to be retaliated against.

Note: Despite notifying Illinois Department of Corrections, And Acting Director(s) Rob Jeffreys, and Latoya Hughes of these ongoing occurrences, these situations continued to repeat itself due to Illinois Department of Corrections unwritten policy, pattern, and practice.

## DECLARATION

I declare under penalty of perjury that the following is true and correct and that this declaration is executed the 20th day of February 2025

MICKEY MASON

MICKEY MASON

Privileged Mail Send Certified Mail

Privileged Mail Send Certified Mail

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## Authorization for Payment

Posting Document # _____  Date **6/13/2023**

Individual in Custody Name **MICKEY MASON**   ID# **R04326**   Housing Unit **3 D 21**

Pay to **IDOC Director Latoya Hughes**

Address **1301 Concordia Court - Executive Building**

City, State, Zip **Springfield IL 62794**

The sum of _____ dollars and _____ cents charged to my trust fund account, for the purpose of **NOTICE - STATEMENT OF FACTS** **(Priv) - Certified**

☑ I hereby authorize payment of postage for the attached mail.   ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Individual in Custody Signature **M gM )**    ID# **R04326**

Witness Signature _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature **LH 6-14-23**

Postage applied in the amount of ___ **6** ___ dollars and ___ **37** ___ cents.  **Legal  222**
**Certified  415**

**6/14/23 AH**

Distribution: Business Office, Individual in Custody, Mail Room        DOC 0296 (Rev. 8/2021)

Printed on Recycled Paper

7022 2410 0002 6966 0241



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee **4.15**

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $ ____
☐ Return Receipt (electronic)  $ ____
☐ Certified Mail Restricted Delivery  $ ____
☐ Adult Signature Required  $ ____
☐ Adult Signature Restricted Delivery  $ ____

Postage  **2.22**

Total Postage and Fees  **6.37**

Sent To **Latoya Hughes - IDOC Director**
Street and Apt. No., or PO Box No. **1301 Concordia Ct Exec. Bldg**
City, State, ZIP+4® **Springfield, IL 62794**

Postmark  **JUN 15 2023**  GALESBURG, IL 61401  USPS

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7022 2410 0002 6966 0241

1 of 8

COPY!

6/11/2023

TO: IDOC Director Latoya Hughes
And Margaret Madde At
1301 Concordia Court
Springfield IL 62794-9277

From: MICKEY MASON #R04336
Henry Hill Correctional Center
P.O Box 1700
Galesburg IL 61402

Rule 216. Admission of Fact(or)
Genuineness of Documents

(A) Request For Admission of Fact.
A party may serve on any other party A
written request for the admission by the
latter of the truth of any specified relevant
fact set forth in the request. A copy of
the request for admission shall be served
on all parties entitled to notice.

STATEMENT
OF
FACTS

1) Section 504.870 Direct Review By Administrative Review Board

(A) Individuals in custody shall submit grievances directly to the
Administrative Review Board when grieving: 4) "Other issues that pertain
to a facility other than the facility where the offender is currently
assigned, excluding personal property And medical issues". [See Attached
Counseling Summary dated 11/7/2022]

2) Mason was provided A false Disciplinary Report dated 10/23/2022
incident# 202201553/1-SHE while at Sheridan Correctional Center, in
which his witnesses was never called, nor was Mason provided notice
of why from the Adjustment Committee, Mason was told by Adjustment

Commitee member Crystal Latigo that there's no need to investigate due to Intel writting the Disciplinary Report, and Mason was denied the Final Summary Report to be able to properly appeal the decision, then when Mason finally received the Final Summary Report April of 2023 with no signatures nor approval from Chief Administrative Officer (Warden Sherwin Miles), Mason properly appealed to ARB with new evidences, and was denied by ARB member Travis Bayler.

[See Attached ARB correspondence dated 5/10/2023, Grievance dated 4/27/23, Margaret Maddle Admitting DR's wasnot Followed for Sherman Scullark, and Final Summary Report with no signatures all stamped rezeived by ARB May 5, 2023]

In DR 504.50 it clearly states "The Chief Administrative Officer (Warden Sherwin Miles) Shall make the final determination, and the individual in custody shall be informed of the decision shall be documented in writting". Also in DR504 it clearly states in (M) "A written record shall be prepared and signed by All members of the Adjustment Committee that contains: 1) A summary of oral and written statements and other evidence presented", in which there's no signatures from the Adjustment Committee nor Warden for Approval in the Attached Final Summary Report that Mason did not receive til April of 2023.

3). ARB member Margaret Maddle clearly admitted that the Adjustment Committee and Warden did not Follow DR 504.80 and expunged "Sherman Scullark # B74071 ticket #DR 2022 01554/1-SHE who had exact same Disciplinary Report for 105- Dangerous Disturbance when the Disciplinary Report states that we Attempted to coerce but wasint charged with a 601 Attempt charge. [See Attached ARB member Margaret Maddle response dated 3/28/23, and Diciplinary Report dated October 23, 2022]

In which Mason contends that Sheridan Correctional Center staff/ officials acted beyond the scope of the Department Rules And Offenses that did not include the offense of the 601-Attempt, And As A result MASON went to the Adjustment Committee on A 105 Dangerous Disturbance that was not the nature of offense, And found guilty And sentence to 90 days segregation, 90 days C grade, 90 days B grade, based off An Unsubstantiated Disciplinary Report dated October 23, 2022 by Intel Member M. Scarbrough #13262.

4) The Disciplinary Report dated October 23, 2022 that Intelligence Unit member M. Scarbrough #13262 submitted was Falsified, In which Camera Footage Proved that Mason never had a meeting to organize a mass protest, never went to cells to protest to individuals in custody, and clearly shows that Mason had a conversation with c/o Fanta About more time on 2nd Shift due to there's not enough time to use the phone and get A shower in 1 hour on Second Shift.

5) Since Mason has been housed in Illinois Department of Corrections) ARB And I DOC Director's have received numerous complaints, concerning mail tampering, bribes, solicition, And threats by Internal Affairs and Intelligence Unit members in which is why Mason continues to be harassed, provoked, and retaliated Against due to exercising his First Amendment Right to complain and Grievance Issues.
Springfield Administration, And Investigations and Intelligence Unit continue to ignore Emergency Issues. [See Attached Letter Dated December 15,2022]

6) Mason sent An Emergency Complaint To Springfied that was forwarded to IDOC Director and etc dated 4/35/2023 that was sent from his GTL Tablet threw Email, and Mason sent out An Emergency Grievance to ARB and IDOC Director that clearly stated:

"I do not feel safe At Hill Correctional Center, And I feel my life is in danger due to ongoing harassment and retaliation by staff and officials At this facility. I'm being denied my First Amendment to communicate and see my loved ones threw video visits in which I continue to be denied video visits in retaliation for having A right to Grievance Issues, File Complaints, and for having loved ones call Springfield and file Complaints on my behalf. My Legal mail, Privileged Mail, and Regular Mail is being Fustrated, obstructed, destroyed, or other wise prevented from reaching it's destination As well As Emails.

I'm being denied to submit phone list to add loved ones phone numbers by counselors and Internal Affairs/Intelligence Unit members. I'm being targeted by staff and officials and my communication with my kids, loved ones, Lawyers, and Government Officials is being targeted At Hill Correctional Center due to me exercising my First Amendment. Counselors and Grievance Officers are fellow Correctional Officers that was put in place to protect and ignore Allegations against they fellow Correctional Officers.

5 of 8

I continue to be antagonize, and provoked due to exposing Hill Correctional Center's Administrative Malfeasance and I want to check into protective custody due to being a target by Internal Affairs, Intelligence Unit, staff, and Officials At Hill Correctional Center."
[See Attached Declaration] + 1-5 pages.

7) On May 2, 2023 I was called to Internal Affairs/Intelligence Unit Office due to Email submitted to IDOC Director of me requesting Protective Custody due to harassment, retaliation, and Administrative Malfeasance by IDOC employees. My Complaints are against Internal Affairs, Intelligence Unit, Staff/Officials here at Hill Correctional Center and prior to being sent here in retaliation.

When I got to they office on Above date I started breathing Fast, and I couldn't control it. It was a Lieutenant name Mc Cune who's head of Internal Affairs, a member of Intelligence Unit, and Intel member named "Little". I let them Know as soon as I got in they office that I did not want to talk to them, I did not feel comfortable being in they office with them due to my Complaints Are against them, and that I stand by my statements in my Complaints that was sitting in front of them that was sent to them from Springfield.

Lieutenant Mc Cune and Intel member "Little" stated "Your not leaving this office until you do what we need you to do." Lieutenant Mc Cune then stated " You Know we have the power to make your bid even harder here, and your not going to be able to prove

6 of 8

Anything when we finish with you". Intel member John Doe then stated "We just need you to sign a statement saying you feel safe and that you can go back to the cell house, or you can go to segregation and all of your shit will come up missing". I was just sitting there quiet feeling helpless, then Intel member "Little" stated " Your going to talk to us and sign this statement or go to Segregation cause I don't give a fuck, and we'll make sure you don't get out, and we don't give a fuck about your lawsuits".

I was sent to talk to individuals at the facility who I made Complaints against by Springfield Administration in violation of My First Amendment to Complain to head of Illinois Department of Corrections in which was a conflict of interest. I was forced to talk to Internal Affairs, and Intelligence Unit cause I requested to leave 4 times and they would not let me leave and told me that either I talk to them or else.

I was forced to sign statement under Duress by Internal Affairs and Intelligence Unit members on 5/3/2023 that they would not let me read. I was unlawfully restrained in they office against my will, threaten, and forced to give statements and sign statements under duress due to threats. I want to press charges and file a restraining order.

It's evidence that after I paid filing fees to proceed in 2 civils cases at Sheridan Correctional Center, I was retaliated against by Intel member M. Scarbrough and provided a falsified Disciplinary Report. [See Attached US District Court document dated 10/18/2022 2 pages]

7 OF 8

8) Mason notified ARB regarding Disciplinary Report dated October 23, 2022 And ete in Grievance(s) dated 11/1/2022 and 11/15/2022. [See Attached ARB member Adewale Kutoriji response dated 2/3/23] That clearly Stated "Based upon the language of the Disciplinary Report dated October 23, 2022, it clearly states that the Offense is A 105 Dangerous Disturbance, And the observation clearly states" Note: Each offense identified Above must be substantiated. Disciplinary Report clearly states that I Attempted to coerce individuals to refuse trays, lockup, and etc. However, on the Disciplinary Report for offenses, it does not include A 601- Attempt that will Justify the 105 Dangerous Disturbance. Without the offense for A 601- Attempt charge as it clearly states in the Disciplinary Report dated October 23, 2022, there is no 105 Dangerous Disturbance Offense. As A result, I went to the Adjustment Committee on A 105 Dangerous Disturbance Offense Alone without the 601 Attempt Offense that supports the 105 Dangerous Disturbance, And found guilty and sentence to 90 days Segregation, 90 days Cgrade, and transfer based off An Unsubstantiated Disciplinary Report dated October 23, 2022. The Offender contends that Sheridan Correctional Center Staff/Officials acted beyond the scope of the Department Rules and Offenses that did not include the Offense of the 601 Attempt".

Mason Also notified ARB member Margaret Madole dated 4/26/2023, And IDOC Director Latoya Hughes dated 4/30/2023 that was sent Certified Mail # 7022-2410-0002-6966-3464, And was Ignored. [See Attached Authorization For Payment Receipts dated 4/26/2023, And 4/30/2023]

\* WARNING: If you fail to serve the response required by Rule 36 within 28 days after you are served with this document, all the facts set forth in the requests will be deemed true and all the documents described in the requests will be deemed genuine.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been placed in the Institutional mail here at Henry Hill Correctional Center forward to IDOC Director Latoya Hughes at 1301 Concordia Court - Executive Office Building Springfield IL, 62794-9277, Sent Certified Mail with request of signed receipt Sent back, on __13th__ day of June

MICKEY MASON
MICKEY MASON

IDOC Director Latoya Hughes
1301 Concordia Court - Executive Office Building
Springfield IL 62794-9277
And etc

Privileged Mail
Send Certified Mail ONLY

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Authorization for Payment**

Privileged Mail
Send Certified Mail ONLY

Posting Document # _____    Date 8/8/2023

Individual in
Custody Name  MICKEY MASON            ID# R04336  Housing Unit 3 D 21

Pay to  IDOC Acting Director Latoya Hughes - Executive Office Building

Address  1301 Concordia Court

City, State, Zip  Springfield IL 62744

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of ____ (Priv) _____

☑ I hereby authorize payment of postage for the attached mail.   ☐ I hereby request information on electronic
                                                                    funds transfers to be placed in the attached mail.

Individual in Custody Signature _____        ID# R04336

Witness Signature _____

☐ Approved  ☐ Not Approved   Chief Administrative Officer Signature  LH 8-9-23

Postage applied in the amount of _____5_____ dollars and ____46____ cents. Legal 111
                                                                           Certified 435
Distribution:  Business Office, Individual in Custody, Mail Room      5 46
                                                                     *Printed on Recycled Paper*      DOC 0298 (Rev. 8/2021)

8/9/23

2.8 oz        9589 0710 5270 0444 9252 94



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$ 435

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$ 1.11

Total Postage and Fees
$ 5.46

Sent To  IDOC - Latoya Hughes
Street and Apt. No., or PO Box No.  1301 Concordia Ct.
City, State, ZIP+4®  Springfild IL 62794

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

GALESBURG IL 61401
AUG 10 2023
Postmark Here
USPS

COPY !

August 8, 2023

TO: Acting Director
Ms Latoya Hughes
Executive Office Building
1301 Concordia Court
Springfield IL 62794

Rule 216. Admission of Fact (or)
Genuiness of Document(s) (A) Request
For Admission of Fact. A party may
Serve on any other party A written
request for the Admission by the latter
of the truth of any specified
relevant fact set for in the request.

From: MICKEY MASON
#R04326
Henry Hill Correctional Center
P.O. Box 1700
Galesburg IL 61402

⁕WARNING: IF YOU FAIL TO SERVE THE RESPONSE REQUIRED BY
RULE 216 WITHIN [28] days after you are served with this Document,
All the facts set forth in the request will be deemed True and All
the documents described in the request will be deemed genuine. That
is Already in your custody.

## STATEMENT OF FACTS

1) On June 29, 2023, you expunge a disciplinary report dated
October 23, 2022 incident #2022 01553 /1-SHE that was submitted on Mason
by Intel member M. Scarbrough in retaliation for exposing the
Administrative Malfeasance while Mason was housed at Sheridan
Correctional Center.

2) The disciplinary report dated October 23, 2022 was false, fabricated, and it's evidence that Internal Affairs, Intelligence Unit, and other IDOC employees as well as the Wardens went and acted beyond the scope of the Department Rules, Offenses, and violated Institutional Directive - Standards of Conduct just to punish Mason for exercising his First Amendment

3) Camera Footage proved that Mason never had a meeting to organize a mass protest, never went to cells to protest to individuals in custody, and clearly shows that Mason had a conversation with a Correctional Officer concerning more phone and shower time on 2nd Shift.

4) It's evidence that IDOC employees, Internal Affairs, Intelligence Unit, and Wardens at Sheridan C.C knowingly provided false information, in statements, incident reports, damaging/destroying Mason's mail, ~~coverage~~ committing Fraud, submitting false or misleading information on written reports, in which above did not comply with departmental rules, written procedures, nor was they investigated or held accountable for they actions.

5) Due to intentional acts by IDOC employees that's employed by the Illinois Department of Corrections, Mason was transferred to Henry Hill Correctional Center (Disciplinary Facility) where he had to do 3 months wrongful imprisonment in Segregation, 3 months

30 $\frac{1}{2}$ 4

C grade, 3 months B grade, And 3 months Contact Visit Restriction due to Administrative Malfeasance At Sheridan C.C.

6) While Mason was in segregation At Henry Hill Correctional Center, he was intentionally placed in cells with the windows broke and couldn't close with no heat from October 31, 2022 to January 2023, As well As being denied cleaning supplies. [See Attached Memorandum dated December 15, 2022]

7) Also, since Mason has been housed At Henry Hill C.C his Legal Mail concerning his Criminal Case/Wrongful Conviction Case No. 08CR1839302 has been targeted by Internal Affairs, Intelligence Unit, and Mailroom Staff so Mason can't get help, nor prove his innocence due to evidence of him being illegally detained. [See Attached Letter dated August 22, 2022 from John Conroy At MacArthur Justice Center.]

8) Mason submitted emergency Grievance dated 5/18/2023, And Attached evidence to Grievance to show that Certified Mail never made it to the post office from Henry Hill C.C.

9) Mason is still suffering due to still being housed At Henry Hill C.C when Mason Disciplinary Ticket was expunge June 29, 2023, denied Law library Access, denied Access To Court U.S. District Court, denied E-Filing system, denied Emails, and still housed at Henry Hill C.C After ticket was expunged June 29, 2023.

## RELIEF REQUESTED

1) That Mason be transferred immediately to a facility of his choice : East Moline C.C, due to his kids all stay in Cedar Rapids Iowa, or Alternative Kewanee Correctional Center.

2). That all staff be held accountable for violating DR's, and Standards of Conduct threw Complaint that was sent to Ms Latoya Hughes July 27,2023 with all Attached Exhibit(s),

✳ WARNING : IF YOU FAIL TO SERVE THE RESPONSE REQUIRED BY RULE 216 WITHIN [28] days after you are served with this Document, all the facts set forth in the request will be deemed True and all the documents described in the request will be deemed genuine. (That's already in your Custody.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been placed in the institutional mail here at Henry Hill Correctional Center requested to be sent Certified Mail, forward to IDOC Director Latoya Hughes at 1301 Concordia Court, Executive Building Springfield IL, 62794-9277, on 8th day of August 2023.

MICKEY MASON

MICKEY MASON

Privleged Mail
Send Certified Mail

**Send Certified Mail**

### ILLINOIS DEPARTMENT OF CORRECTIONS
## Authorization for Payment

Posting Document # _____ Date 10/1/2023

Individual in Custody Name MICKEY MASON ID# R04336 Housing Unit 3 D 21

Pay to Acting Director Latoya Hughes

Address 1304 Concordia Court - Executive Office Building

City, State, Zip Springfield IL 62794

The sum of (Priv) dollars and _____ cents charged to my trust fund

account, for the purpose of Statement Of Facts # 6843

☑ I hereby authorize payment of postage for the attached mail.  ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Individual in Custody Signature _____ ID# R04336

Witness Signature _____

☐ Approved  ☐ Not Approved  Chief Administrative Officer Signature _____

Postage applied in the amount of 5 dollars and 22 cents. Legal 87 Certified 435   10/2/23

Distribution: Business Office, Individual    9589 0710 5270 1326 3516 51    DOC 0296 (Rev. 8/2021)



COPY!

TO: Acting Director
Ms Latoya Hughes
Executive Office Building
1301 Concordia Court
Springfield IL 62794

From: MICKEY MASON
# R04336

Henry Hill Correctional Center
P.O. Box 1700
Galesburg IL 61402

October 1, 2023

Rule 216. Admission of Fact
or Genuines of Documents (A)
Request For Admission of Fact. A
party may serve on any other party
A written request for the Admission
by the latter of the truth of Any
Specified relevant fact set forth
in the request.

* WARNING: IF YOU FAIL TO SERVE THE RESPONSE REQUIRED BY
RULE 216 WITHIN [28] days after you are served with this Document,
All the facts set forth in the request will be deemed True and All the
documents described in the request will be deemed genuine. That is
Already in your custody.

STATEMENT
OF
FACTS

1) Since Mickey Mason has been housed in Illinois Department
of Corrections, the Administrative Review Board and Prior/Current
Acting Director's have received numerous complaints, concerning
harassment, mail tampering, retaliation, Administrative malfeasance,
threats, bribery, fraud, And solicitation by IDOC employees, Internal

1 of 7

Affairs, and Intelligence Unit members which is why Mason continues to be harrassed, provoked, antagonized, degraded, and retaliated against due to exposing the Administrative Malfeasance in Illinois Department of Corrections.

2) Numerous of times I notified the A.R.B, Prior, and current Acting Director's that I did not feel safe, and that I feel like my life is in danger due to being targeted by Internal Affairs, and Intelligence Unit members at: Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill Correctional Center due to them openingly communicating with one another.

3) Numerous of times I notified the A.R.B, Prior, and Current Acting Director's that my Legal mail, Privileged Mail, Regular Mail, and Emails is being fustrated, obstructed, destroyed, or otherwise prevented from reaching it's destination after funds is deducted from my account, due to Internal Affairs, Intelligence Unit, Mailroom Staff, and Account Technicians At Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C.

4) Internal Affairs, Intelligence Unit, and IDOC employees at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C, have continued to submit fraudulent information in Mason's Master File, Disciplinary History/Reports, Offender 360, and etc.

5) IDOC employees, Internal Affairs, Intelligence Unit, Mailroom Staff, and Account Technicians At Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C continue to violate departmental rules, written Procedures, bulletins, and Mason's Constitutional Rights.

6) IDOC Employees, Internal Affairs, Intelligence Unit, Mailroom Staff, And Account Technicians At Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C knowingly provided false information, fake information, including but not limited to fraudulent information provided in statements, and incident reports which above was not subjected to disciplinary action nor discharge.

7) IDOC Employees, Internal Affairs, Intelligence Unit, Mailroom Staff, And Account Technicians At Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C openingly conspired to read, damaged, prevent, and destroy MICKEY MASON's mail After funds were deducted from his account.

8) MICKEY MASON have made numerous complaints on a P.R.E.A recorded call while he's been in Illinois Department of Corrections concerning Internal Affairs, Intelligence Unit, And Mailroom Staff which he knows alerted Springfield Administrations, And Acting Director's.

9) Internal Affairs, Intelligence Unit, Mailroom Staff, And Account Technicians At Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C have been openingly conspiring to hinder me from proving my innocences concerning my Criminal Case No. 08CR1839302, exposing Sworn Peace Officers, destroying evidence/documents, seeking help from Attorneys/innocent projects, and exposing the Administrative Malfeasance in Illinois Department of Corrections.

10) Internal Affairs, Intelligence Unit, and IDOC employees knowingly submitted false and misleading information with the intent to mislead while Mickey Mason was housed at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill Correctional Center.

11) Digital Camera Footage at Sheridan Correctional Center from 7pm to 8:05pm dated October 30, 2022 proves that Mason never had a meeting to organize a mass protest, went to individual's in custody cells to get them to refuse lockup, dinner trays, nor they job assignments.

12) MICKEY MASON was kicked out of Sheridan Correctional Correctional Center October 31, 2022 due to IDOC employees, Warden(s) intentionally not following Department Rules, Standards of Conduct, along with Internal Affairs member Welsey Schmidt, and Intelligence Unit member Matthew Scarbrough submitting fraudulent information in reports/documents in retaliation for Mason exposing the Administrative Malfeasance.

13) Digital Camera Footage at Sheridan C.C from 3:30 am to 4:30 am dated September 10, 2022 proves that an IDOC employee sergeant Forth intentionally got workers/porters off a Quarantine/Medical lockdown C Hall in C-25 cell house that had Covid-19 so it could intentionally spread to A Hall in C-25 cell house where I was housed jeopardizing my health, safety, and my life due to intentional acts.

14) Digital Camera Footage at Sheridan Correctional Center from 9am to 2:30pm dated November 16, 2021 in personal property will prove IDOC employee Steve Taylor knew that I was mailing out my trial transcripts, and exonerating evidence / legal mail concerning my Criminal Case No. 08CR1839302 that the Attorney never got, nor was mail returned After I was charged $12.68.

15) IDOC employees in Illinois Department of Corrections are impeding investigations against Sworn Peace Officers, Prosecutor's, State Attorney's, and continue to hinder Mason from getting help concerning his Wrongful Conviction and Freedom due to Internal Affairs, Intelligence Unit, Mailroom Staff, and Account Techicians at Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C.

16) IDOC employees in Illinois Department of Corrections have been trained by IDOC Legal Department Attorney's about the constitutional rights of the prisoner's under their watch. Nonetheless, in an act of premeditation, the Illinois Department of Corrections have chose to violate Masons rights knowingly causing him physical and psychological injuries, which makes their scheme Criminal in nature.

17) Illinois Department of Corrections has an ongoing pattern and practice from Menard C.C, Lawrence C.C, Sheridan C.C, and Henry Hill C.C targeting Mason, his Discovery concerning his Criminal Case No. 08CR1839302, Along with being threaten, harassed, and retaliated against.

18) Illinois Department of Corrections has a pattern and practice of fraudulently generating fake tracking numbers for outgoing Certified Mail Services requested by such prisoner's for outgoing mail that is being sent to Attorney's, Government Officials, and/or Private Citizens in furtherance of communicating about my wrongful conviction and such oppressive and unconstitutional conditions.

19) Illinois Department of Corrections is deducting the funds for postage/Price Gouging for such Certified Mail, and Regular Mail going to such sources giving the prisoner's carbon copies of mail receipts containing such fake tracking numbers, or otherwise indicating that postage was paid for the outgoing mail to be forward to the designated recipient while actually destroying the mail and/or preventing it's delivery.

20) Counselor's, and Grievance Officers are fellow Correctional Officers, or used to work as an Internal Affairs and/or Intelligence Unit member that's put in place to protect IDOC employees when they abuse they power.

21) I do not feel safe, I'm targeted, and I feel my life is in danger due to Internal Affairs, Intelligence Unit ongoing pattern and practice of assisting Sworn Peace Officers, and malicious tactics of denying me of my First Amendment.

7 0F 7

22) June 13, 2023 A statement of facts was sent to Acting Director Latoya Hughes Certified Mail #7022-2410-0002-6966-0241 which Mason received no response. July 26, 2023 A Complaint/Notice was sent to Acting Director Latoya Hughes which Mason received no response. August 8, 2023 A Complaint was sent Certified Mail #9589-0710-5270-0444-9252-94 which MASON received no response.

[ ✱ WARNING: IF YOU FAIL TO SERVE THE RESPONSE REQUIRED BY RULE 216 WITHIN [28] days After you Are served with this Document, All the facts set forth in the request will be deemed True And All the documents described in the request will be deemed genuine.[That is Already in your custody] ]

## CERTIFICATE OF SERVICE

I hereby certify that A true and correct copy of the foregoing document has been placed in the institutional mail here at Henry Hill Correctional Center requested to be sent Certified Mail, forwarded to IDOC Director Latoya Hughes At 1301 Concordia Court-Executive Office Building Springfield Il. 62794-9277. on 1st day of October 2023

MICKEY MASON

MICKEY MASON