PC SCAN

FILED

8/12/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS

> Case No. 22-cv-03774

MICKEY MASON
Plaintiff              ( Hon Steven C. Seeger

V.

D. Martin et, al
Defendant(s)

MOTION TO PROVIDE NOTICE OF ONGOING MISCONDUCT,
AND MOTION FOR ENTRY OF DEFAULT AND
DEFAULT JUDGMENT ON ALL DEFENDANTS DUE TO
RULE 60 B(3), and 60 D(3)

Now Comes Plaintiff, MICKEY MASON, Pro Se
An Individual currently housed in Danville Correctional
Center.

In support of this "Motion To Provide Notice OF
Ongoing Misconduct, And Motion For Entry of Default And
Default Judgment on All Defendants Due To Rule 60
B(3), And 60 D(3)", Plaintiff states the following:

1) In Docket Entry dated July 7, 2025, this Court Ordered
Counsel to make arrangments for Plaintiff to participate by
telephone (telephonic hearing) which was ignored, and to
contact Plaintiff before the hearing dated July 17, 2025
which was Also ignored by Counsel As well.

1 OF 8

2) Counsel (Katharine Kramer) for Defendants intentionally did not send Plaintiff Court Docket Entry dated July 7, 2025 until after the (Telephonic Hearing) dated July 17, 2025 in which Plaintiff did not receive until August 5, 2025, (22) days later. No notice was sent from the Clerk of Court threw E-filing system, nor from Counsel as required by Local Rule 56.2 (mailed notice). (See Attached Exhibits (A) Manilla Envelope post-dated July 22, 2025 - with Certified Mail #9589-0710-5270-0347-5024-93, And Legal/Privileged Mail Proof of Service dated August 5, 2025 with Certified Mail #9589-0710-5270-0347-5024-93)

3) On July 29, 2025, Counsel (Katharine Kramer) stated while on the phone that documents were sent to Plaintiff on July 18, 2025 Certified Mail #9589-0710-5270-0347-5024-93 which conflicts with Post-Date July 22, 2025. (See Attached Exhibits (A))

    Note: Due to Defendants (All employees or Agents of IDOC) Plaintiff did not receive clearly marked "Legal Mail" until (14) days later dated August 5, 2025 that was intentionally delayed, opened, and read by mailroom staff, And Internal Affairs/Intel members here at Danville Correctional Center. Plaintiff's clearly marked Legal Mail was not opened in his presences, and without his authorization.

    This is evidence that Defendants (All employees or Agents of Illinois Department of Corrections) are openingly conspiring to impede Plaintiff from effectively proceeding in this Court. 2 of 10

3 OF 10

4) Not only is Counsel(s) for IDOC Defendants have inten-
tionally mislead this Court numerous of times, but also have
continued to ignore Court Orders that the record reflects,
along with Fraud, and Fraud on the Court continues to be
committed by Defendant(s).
  Counsel(s); Huda Khan, Kristin K. Lindemann, Neha Rai,
and Katharine Kramer have continued to ignore Court Orders,
commit Fraud and Fraud on the Court, and have refused
to turn over discovery evidence due to it being
unfavorable to defendants.

                    SEE SUMMARY OF
                      EVENT(S);

(1) In response to Plaintiff's "First Request For Production
of Documents" dated (July 5, 2023) concerning Camera
Footage that Defendant(s) were placed on notice to preserve,
Defendants / Counsel responded stating "Defendants do not
possess any camera footage" (See Defendants Response
To Plaintiff's First Request For Production) dated July 5, 2023.

(2) Then, Defendants / Counsel clearly stated on the
record at Hearing(s) under oath dated 8/31/2023,
and 8/30/2023 that "Illinois Department of Corrections
destroys camera footage after (30) days" which conflicts
with "Administrative Directive - Digital Media shall be
retained for (two years) provided no litigation is
pending or anticipated" (See Exhibit C page
3 of 4 "G #1 in Motion To Compel dated Oct 16, 2024)
          Plaintiff objected at above hearings, and alerted
this Court that Defendants were intentionally
misleading this Court. This Court then Ordered
Defendants to go and search for the video footage

3 OF 10

After the Defendants Already lied stating that
"Defendants do not possess "Any" camera Footage"
in response to "Plaintiff's First Request For Production"
dated July 5, 2023, and then stated that "Illinois
Department of Corrections destroys camera Footage
After 30 days", even though they were placed on
numerous of notices. (See Motion For An Order
To Compel dated Oct 16, 2024 page 3 of 7 & 4 of 7)

(3) Then Counsel/Defendants mislead this Court
Again in Docket Text #103 stating that Sheridan
Correctional Center did not have access to their
video drive due to system outages. But, then
refused to provide evidence that their was in fact
A system outage threw A Work Order form, and
then stated the Footage was lost.

(4) Defendant Matthew Scarbrough submitted A
Fraudulent Declaration dated 9/28/2023 claiming
he didn't know until September 26, 2023 to look
for the video Footage, and the loss of the Footage
is the result of A malfunctioning video drive.
    But then Matthew Scarbrough stated in Declaration
page 3 of 3 #9 "Proper procedure was followed in
saving the "original Footage". (See Fraudulen Declaration
By Matthew Scarbrough (Exhibits B) dated 9/28/2023,
and Matthew Scarbrough Answer To Plaintiff's set
of Interrogatories #'s, 6, 7, 8, 9, 10, 11, 12, and 13)
    NOTE: Defendant David Nolan (Head of
Internal Affairs) was provided notice to preserve
video Footage dated 10/24/2022 threw (1) page
NOTICE that was sent to David Nolan.

Sheridan Correctional Center was placed on notice to preserve Camera Footage threw Emergency Grievance dated 10/24/2022 that was submitted At Sheridan Correctional Center, and sent to ARB/ Director just in case Grievance was not returned, in which Grievance was not returned.

Defendant Rob Jeffreys (Acting Director) was provided notice to preserve video footage dated 10/31/2022. (See Attached Exhibit(s) C — Notice to Defendant David Nolan (Head of Internal Affairs) 1 page dated 10/24/2022, 2 page Emergency Grievances dated 10/24/2022 that was submitted At Sheridan C.C, and sent to ARB/Director)

Also, See Defendant David Nolans Answers to Plaintiff's interrogatories #'s 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, (21), (22), And (23) under oath that was False. (See Attached Exhibit D)

Afterwards, Counsel (Catharine Kramer) clearly stated on the record to this Court dated October 10, 2024 that "Camera Footage is preserved when Defendants receive notice."

(5) Defendant Donald Terry who is apart of this Case 22-cv-3774, was Ordered in Case 22-cv-3252 thats also in front of this As well, to produce work order forms. Defendant Donald Terry submitted A Fraudulent Hand Written "Work Order" with no dates and inaccurate information. (See Attached Exhibit E. Fraudulent Hand Written Work Order by Donald Terry.)

NOTE: The proper Illinois Department of Corrections "Work Order" clearly states "Work Order No, Date, Approval, Description of Work, Location, Room, Floor, Requested By, Assigned To, Auth, Building, Priority, Hours, Date Completed, Distribution: Chief Engineer Department Head AWO, and DOC 0431 (Eff. 9/2015)" Which refutes the falsified handwritten document by Defendant Donald Terry. (See Attached Exhibit F DOC 0431 Illinois Department of Corrections Work Order Form) This is Evidence of Fraud on The Court...

(6) Defendant Donald Terry who is apart of this Case 22-cv-3774, and Case 22-cv-3352 Also intentionally committed Fraud And Fraud on This Court claiming there's no Physican named "OJ" at Sheridan Correctional Center.
    Afterwards, this Court terminated Defendant "Physican OJ" from Plaintiffs Case 22-cv-3352 due to intentional Fraud And Fraud on The Court by Defendant Donald Terry whos Also A Defendant in this pending Case. How can anything be believed when theres evidence of Fraud and Fraud on the Court by Defendants. Evidence was provided to this Court in response to Defendant Donald Terry Summary Judgment Motion from Plaintiff in Case 22-cv-3352 (See Plaintiffs response to Defendant Donald Terry Summary Judgment Motion in Case 22-cv-3352)
    Donald Terry Also refused to identify John/Jane Does by providing requested documents that was intentionally redacted in Case 22-cv-3352.

7 of 11

(7) Defendant Sherwin Miles (Warden) also committed Fraud in set of Interrogatories dated November 12, 2024, under oath.

In page 1 of 5 #2 it clearly states "Did Sherwin Miles deemed Emergency Grievance not an Emergency dated 10/24/2022 from MICKEY MASON that clearly stated "I want Camera Footage preserved on 10/20/2022 from 7pm to 8pm" on the second page of Emergency Grievance? If not explain who did.

Defendant Sherwin Miles's Answer "I do not have sufficient Knowledge to answer this interrogatory because there was no grievance dated 10/24/2022". (See Attached Sherwin Miles Interrogatories page 1 of 5 #2 and Answer Exhibit G) Also, in (Exhibit C) is Grievance dated 10/24/2022.

Plaintiff now provides "Cumulative Counseling Summary" where dated 10/27/2021 it clearly states "Administration Building/SHE-Received grievance dated 10/24/2021. Grievance given #1027210. It was marked as an "Emergency" by the individual in custody and was forwarded to CAO (Warden) for review".

Also, dated 10/28/2021 clearly stated "Grievance dated 10/24/2021 and given the #1027210 was determined a non-emergency by the CAO (Warden). Grievance returned to individual in custody via institutional mail." Dated 10/29/2021 clearly stated "Received grievance #1027210 back for review. Grievance has been previously returned because it was deemed not an emergency. Grievance has been forwarded for review", but never returned. (See Attached Exhibit H- Cumulative Counseling Summary date(s) 10/27/2021, 10/28/2021, and 10/29/2021)

7 of 11

## ARGUMENT

Plaintiff is prejudice due to Defendant(s) (All employees or agents of Illinois Department of Corrections) are continuing to; target Plaintiff, retaliate, harm, ignore Court Orders, refusing to turn over discovery/evidence, denying to provide Plaintiff with notices, delaying clearly marked legal Mail intentionally so Plaintiff can't respond to Court Orders, and continuing to commit Fraud and Fraud on the Court to impede Plaintiff from effectively proceeding in Court in which this Evidence is already on the record.

i) Plaintiff moves for relief under Fed R. Civ. P. 60 (B) (3) and 60 (D) (3) which affords relief from two types of Fraud.

ii) The First type is "Fraud... Misrepresentation, or misconduct by the opposing party" Fed R. Civ. P. 60 (B) (3), which prevented the party seeking relief "from fully and fairly presenting" his meritorious case at trial. Wickens V. Shell Oil Co. 620 F.3d 893, 897 (7th Cir 1995).

(2) The second type is "Fraud on the Court" See Fed. R. Civ P. 60 (d) (3), which we is Fraud "directed to Judicial machinery itself" and involving "circumstances where the impartial functions of the Court have been directly corrupted". In re Whitney-Forbes, Inc, 770 F.2d 692, 698 (7th Cir 1985) Examples of this type of Fraud include situations where a party bribes a judge or inserts bogus documents

into the record." Kennedy v. Schneider Electric, 893 F.3d 414, 419 (7th Cir 2018) (citation omitted)."

But because a 'motion to set aside a judgment on the ground of Fraud on the Court has no deadline" and can be brought at any time under Rule 60(d)(3) to challenge final judgments.

2) In a bad faith effort, Defendants (all employees or agents of IDOC) openingly conspired to impede Plaintiff from effectively proceeding in this Court due to Everything stated in this Motion.

3) FRCP 60(B)(3) clearly states " Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing Party".

Actual Fraud is an intentional misrepresentation or intentional concealment, by one party of a material fact which relied on to the detriment, of another party. (Gary-Wheaton Bank v. Burt (1982), 104 Ill. App. 3d 767, 60 Ill Dec. 518, 433 N.E. 2d 315; Perlman v. Time, Inc (1978), 64 Ill. App. 3d 190 20 Ill. Dec. 831, 380 D.N.E 2d 1040)

The inaccurate or concealed information must be of such that it the party had been aware of it he would have acted differently. (Perlman v. Time, Inc.) (128 Ill. App. 3d 607)

Whether the party has reasonably relied on the information is a question for the trier of fact. (Dahl v. Nash Realty, Inc. (1981), 102 Ill. App. 3d 483, 57 Ill Dec. 904, 429 N.E 2d 1267)

Constructive fraud does not require actual dishonesty or an intent to deceive. In a fiduciary relationship, where there is a breach of a legal or equitable duty, a presumption of fraud arises. Zeilenga v. Stelle, Inc, (1977), 52 Ill. App 3d 753, 10 Ill. Dec 581, 367 N.E 2d 1347.

4) The record reflects the evidence that has been provided to this Court numerous of times of Defendant(s) misconduct.

## CONCLUSION

WHEREFORE, Plaintiff respectfully request that this Court; (1) Enter a Default, and Default Judgment on all Defendants due to Rule 60 (B)(3), and 60(D)(3), (2) Grant all relief that Plaintiff seeks in his Complaint due to whatever a Jury feels Plaintiff deserve, (3) Punitive damages are appropriate to punish and deter conduct where a defendant is guilty of Fraud (Kelsay v. Motorola, Inc, (1978), 74 Ill. 3d 172, 23 Ill Dec, 559, 384 N.E 2d 353), or an intentional breach of fiduciary duty (Glass v. Burkett (1978), 107 Ill App. 3d 14, 63 Ill Dec, 760 436 N.E 2d 1062), and whatever else this Court deem just.

## DECLARATION

I declare under penalty of perjury that the following is true and correct and that this declaration is executed the _13_ day of August 2025.

MICKEY MASON

MICKEY MASON

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025
the forgoing "Motion To Provide Notice OF ONGOING
Misconduct, and Motion For Entry of Default and
Default Judgment on All Defendants Due To rule
60 B(3), and 60 D(3) (11) page and 60 pages of
Attached Exhibits was given to Law Library clerk
to be Efiled from Danville CC to be served upon
the United States District Court - ~~Central District~~
~~of illinois at each Rock Island clerk to be~~
   Northern District of Illinois at 219 S Dearborn
Chicago IL.

8/12/2025                MICKEY MASON
                         MICKEY MASON

## ATTACHED EXHIBITS

1) Exhibits A - 1page Manilla Envelope dated
   July 22, 2025, with Certified Mail # 9589-0710-5270-
0347-5024-93, and 1 page Legal/Privileged Mail
Proof of Service dated 8/5/2025- with Certified Mail
# 9589-0710-5270-0347-5024-93.
2) Exhibit B - 3page Declaration from Matthew Scarbrough,
and 6page Interrogatories from Matthew Scarbrough.
3) Exhibit C - 1 page NOTICE to David Nolan, 2page
Grievance dated 10/24/2022.
4) Exhibit D - 6 page Interrogatories - David Nolan
5) Exhibit E - 1 page Handwritten Work Order by
Defendant Donald Terry
6. Exhibit F - 1page Work Order Form DOC 0431
7. Exhibit G - 1 page Interrogatories by Sherwin Miles
                   11 of 10
8. Exhibit H - 1 page Cumulative Counseling Summary

EXHIBIT

A

**KWAME RAOUL**
Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603-3801

TO:
Mr. Mickey Mason, R-04326
Danville Correctional Center
3820 East Main Street
Danville IL 61834

LEGAL MAIL

ILLINOIS DEPARTMENT OF CORRECTIONS

DANVILLE CORRECTIONAL CENTER

## LEGAL / PRIVILEGED MAIL PROOF OF SERVICE

Mason, Mickey

Inmate Number: R04326

1D32

Date: 8-5-25

Wing/Cell: Cert Mail

Registered: 9589 0710 5277 0347 5024 93

der: Kwame Raoul

nature: [signature]     July 22, 2025 post Date.

ne: _____

Print Name                    Sign Name

**Return White Copy to Mailroom.**

ailroom                    Printed on Recycled Paper                    DAN 0035 (Eff. 06/2005)
mate                                                                    (Replaces DCA 24109)

EXHIBIT

B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICKEY MASON (#R04326),     )
                                      )
           Plaintiff,      )     Case No. 22-CV-3774
                                      )
           v.              )     Honorable Steven C. Seeger
                                      )
                                      )     Judge Presiding
D. MARTIN, *et al.*,          )
           Defendants.    )

## DECLARATION

I, **Matthew Scarbrough**, do hereby declare under penalty of perjury that I have personal knowledge of the facts and matters discussed in this declaration, and if called as a witness, that I am competent to testify and would state as follows:

1. I am currently employed by the Illinois Department of Corrections at Sheridan Correctional Center, located at 4017 East 2603rd Road, Sheridan, IL 60551.

2. My official title is Intelligence Coordinator. I am assigned to the Intelligence Unit on 1st Shift (7am – 3pm) with Friday-Saturday off. I have held this position from January 4, 2021 to the present.

3. As the Intelligence Coordinator, I am the current keeper of past and present surveillance video footage generated or created at Sheridan Correctional Center. I am also familiar with the placement of surveillance video cameras at Sheridan Correctional Center.

4. I understand that Mickey Mason (IDOC # R04326) filed a lawsuit titled *Mason v. Martin, et al.*, Case No. 22-cv-3774, in the Northern District of Illinois. I also understand that Mr. Mason has alleged in that lawsuit that prison staff were denying him verification that his legal mail was being sent, and that he was then retaliated against for filing a grievance on

the matter. I further understand that Mr. Mason has requested surveillance video footage of this alleged incident on October 20-21 of 2022, which allegedly occurred at the following location: C-25 Cell House A Hall.

5. I am familiar with the location where this alleged incident took place at Sheridan Correctional Center.

6. That location of Sheridan Correctional Center has a total of four (4) cameras facing A Hall: one facing the front upper deck of cells, one facing the back upper deck of cells, one facing the front lower section of cells, and finally, one facing the back lower section of cells. I can confirm that footage from both dates requested by Mr. Mason existed at one time, but can no longer be located.

7. To my best recollection, footage of the incident depicted a group of men, one of whom was Mr. Mason, all sitting at a table, talking. We do not record audio with our cameras but our Confidential Informants corroborated what we saw on the cameras. The CI's have provided sworn statements that the group of men at the table, including Mr. Mason, were planning to coerce other individuals in custody to protest against facility staff. That was the basis of the ticket imposed on Mr. Mason back in October of 2022.

8. I conferred with Assistant Attorney General Huda Khan on September 26, 2023, and checked Sheridan C.C.'s system for the relevant footage on September 27, 2023. I checked the files and hard drives of Sheridan C.C. in the Internal Affairs office, where video footage relevant to investigations is kept. I can confirm I did not find anything related to either date requested by Mr. Mason. The footage being requested existed at one time, as stated in the October 25, 2022 Final Summary Report, but is no longer in our custody due to faults in our system. Between the finalization of the October 25, 2022

Final Summary Report and September 26, 2023, when AAG Khan reached out to me, I did have any reason to search for this footage. It was not until AAG Khan contacted me that I learned the footage no longer exists.

9. I was not previously aware of Mr. Mason asking for this footage to be preserved. The footage of this incident was not purposefully lost or destroyed. Proper procedure was followed in saving the original footage. Since it was installed in 2020, the video system has malfunctioned from time to time. Upon information and belief, the loss of this footage is the result of a malfunctioning video drive.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury that the foregoing is true and correct.

*Matthew Scarbrough*                    Executed on ⸌9/28/2023

Matthew Scarbrough

EXHIBIT

C

COPY!

10/24/2022

TO: David Nolan (Head of Internal Affairs)

From: MICKEY MASON #R04336
Sheridan Correctional Center
4017 E 2603 Rd
Sheridan IL 60551

## NOTICE

I'm requesting that Camera Footage in C-25 cell house (A) Hall from 7pm to 8:05 pm dated October 20,2022 be preserved, Camera Footage in Personal Property dated 11/16/2021 from 9am to 2:30 pm, And Camera Footage on C-25 cell house (A) and (C) Hall from 3:30 Am to 4:30 Am dated 9/10/2022.

## AFFIDAVIT

I, MICKEY MASON, Affiant, do hereby declare and affirm Under penalty of Perjury As defined in 735 ILCS 5/1-109 that everything contained herein is true And Accurate to the best of my Knowledge.

10/24/2024

/s/ m_____m
MICKEY MASON

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Mickey Mason, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 22-cv-3774 |
| | ) |
| v. | ) |
| | ) Honorable Steven C. Seeger |
| David Martin, et al., | ) Honorable Gabriel A. Fuentes |
| | ) |
| Defendants. | ) |

## DEFENDANT MATTHEW SCARBROUGH'S AMENDED ANSWERs TO PLAINTIFF'S SET OF INTERROGATORIES

Defendant Matthew Scarbrough by and through his attorney, KWAME RAOUL, Illinois

Attorney General, and file this response to Plaintiff's Set of Interrogatories as follows:

<u>Interrogatories</u>

1.      It clearly states in Administrative Directive "Use, Security and Storage of Cameras, Digital Media and Related Equipment – Effective: 12/1/2019" that "Digital media shall be retained for two years provided no litigation is pending or anticipated." Is that true?

**ANSWER:**   Yes.

2.      It clearly states in Administrative Directive "Use, Security and Storage of Camera, Digital Media and Related Equipment – Effective: 12/1/2019" that "The Chief Information Officer shall ensure: (a) Secure storage is available on state networks or cloud space from the Department of Innovation and Technology (DOIT) or other contracted vendor(s): (b) Digital media saved to secure storage is routinely backed up using data redundancy back up methods; (c) Record retention guidelines are followed to ensure digital media relevant to active investigations or ongoing litigation are not destroyed; and (d) Industry standard security best practices are applied when possible to <u>all</u> storage options, including compliance with Criminal Justice Information Systems (CJIS) Security Policy." Is that true?

**ANSWER:**   Yes.

3.      Who is the Chief of Information Officer?

**ANSWER:**   Warden Ryan Woods.

4.     Is it true that Matthew Scarbrough clearly stated in his Declaration dated 9/28/2023 #8 that "The footage being requested existed at one time, as stated in the October 25, 2022 Final Summary Report, but is no longer in <u>Our</u> custody due to faults in our system." Is that true?

**ANSWER:**   Yes.

5.     When Matthew Scarbrough stated in #8 of his Declaration that footage being requested existed at one time but is no longer in <u>Our</u> Custody. Explain who is Matthew Scarbrough referring to when he states, "Our Custody?"

**ANSWER:**   The Investigations Unit.

6.     Is camera footage that MICKEY MASON requested in the custody of: The Chief, Deputy Chief, and each Commander of Investigations and Intelligence at 1301 Concordia Court – Springfield, IL 62794, and 19551 W. Division Street Lockport, IL 60441? If not explain who else has access to digital media?

**ANSWER:**   Objection. This interrogatory is compound and vague in describing what camera footage Plaintiff is referring to. Plaintiff needs to clarify the video footage request he is referring to and what he means by "digital media". Answering subject to and without waiving said objections, Defendant lacks the information to answer this interrogatory.

7.     It clearly states in Matthew Scarbrough Declaration dated 9/28/2024 that "Proper procedure was followed in saving the original footage," that means if proper procedure was followed then the digital media footage is available on state networks or cloud space from the Department of Innovation and Technology (DOIT) or other contracted vendor(s). Is that true? If not explain.

**ANSWER:**   Objection. This interrogatory is vague and confusing as to what "state networks," "cloud space," and "contracted vendor" mean. Subject and without waiving said objection, I did not provide a declaration dated 9/28/24. In my declaration from 9/28/23, it is true that I stated proper procedure was followed in saving the original footage. Due to a malfunction of the video system the footage no longer exists.

8. How did Intelligence Unit member Matthew Scarbrough gain access to secure storage when it clearly states that an Internal Affairs Lieutenant (Lieutenant Nolan) shall have access restricted to only the secure storage?

**ANSWER:** All members of the intelligence unit can access video footage.

9. It clearly states in Administrative Directive "Use, Security and Storage of Camera's Digital Media, and Related Equipment" that "Access to secure storage shall be limited to staff approved by the Chief of Investigations and Intelligence (no designee). (A) The Chief, Deputy Chief and each Commander and Deputy Commander of Investigations and Intelligence shall have access to all secure storage. (B) An Internal affairs Lieutenant shall have access restricted to only the secure storage or digital media pertaining to his or her respective facility." Is that true?

**ANSWER:** Yes.

10. Between October of 2022 to September 26, 2023, when did the faults in the system at Sheridan Correctional Center occur?

**ANSWER:** I do not have knowledge sufficient to answer this interrogatory.

11. Matthew Scarbrough clearly stated in Declaration dated 9/28/2023 that "Proper procedure was followed in saving the original footage," that means Matthew Scarbrough followed "Record retention guidelines to ensure digital media relevant to active investigation or ongoing litigation are not destroyed; and industry standard security best practices are applied when possible to all storage options, including compliance with Criminal Justice Information Systems (CJIS) Security Policy." Is that true? If not explain.

**ANSWER:** Yes.

12. Matthew Scarbrough clearly stated in Declaration dated 9/28/2023 that "Between the finalization of the October 25, 2022, Final Summary Report and September 26, 2023, when AAG Khan reached out to me, I did have any reason to search for this footage. It was not until AAG Khan contacted me that I learned the footage no longer exists."

So why did Defendants state in Plaintiff's First Request for Production of Documents dated July 5, 2023 that "Defendants do not possess any camera footage responsive to this request" before checking for the footage Mason requested to be preserved on 10/24/2022?

**ANSWER:** I reviewed our files for this footage and found it does not exist.

13.     Do to Matthew Scarbrough knowing that he intentionally lied in his Declaration under oath, is that why Defendants never provided MICKEY MASON with a copy, and only provided a copy to the Court due to Court Order?

**ANSWER:**  Objection. This interrogatory is speculative in nature and makes a conclusory allegation that Defendant Scarbrough lied under oath.

14.     Do Intel members work in the mailroom at Sheridan Correctional Center, or do they have individuals in custody U.S. Mail incoming and outgoing sent to them?

**ANSWER:**  Objection. This interrogatory seeks information that would violate safety and security of employees and other inmates at Sheridan Correctional Center because it seeks information on how the intelligence unit operates, and it compound because it asks two discrete question in a single interrogatory. Subject to and without waiving said objections, Intel members do not work in the mailroom.

15.     Is Lieutenant Nolan who's head of Internal Affairs or was, is married to Erin Nolan who worked in the Law Library as the Clerk?

**ANSWER:**  Objection. This interrogatory is not relevant or proportional to the needs of this case which involves claims of retaliation, mail fraud, and conspiracy. The marital status of Lieutenant Nolan and Erin Nolan and their respective employment roles bear no relation to the allegations of retaliation, mail fraud, and conspiracy. This question appears intended to elicit personal information that does not pertain to any material facts or issues in dispute and therefore is outside the permissible scope of discovery.

16.     Could individuals in custody send legal mail out threw Erin Nolan while at Law Library? If so, explain how a Law Library Clerk can deal with outgoing legal mail also?

**ANSWER:**  This is outside the scope of my job responsibilities; I have no knowledge of the procedures at the law library or the duties of law library clerks.

17.     If your Confidential Informants corroborated what you allegedly saw on the camera's. Explain why was MICKEY MASON Disciplinary Ticket expunged by acting Director of Illinois Department of Corrections on June 29, 2023?

**ANSWER:**  I do not have sufficient knowledge to answer this interrogatory.

18.     Is it true that P.R.E.A. records, and P.R.E.A. audio files are maintained at Springfield Headquarters/Illinois Department of Corrections? If not, where are they stored?

**ANSWER:** I do not have sufficient knowledge to answer this interrogatory.

19. If an individual in custody make a P.R.E.A. Complaint over the phone in the dayroom, who investigate the P.R.E.A. Complaint at the facility before reporting to Springfield/Illinois Department of Corrections?

**ANSWER:** Members of the facility's Internal Affairs unit.

20. Is it true that as soon as you walk in Personal Property at Sheridan Correctional Center, there is a Digital Camera on the top ceiling? If not where is the camera in Personal Property?

**ANSWER:** I do not have sufficient knowledge to answer this interrogatory.

21. Is it true that the Administrative Directive "Standards of Conduct" for IDOC employees it clearly states, "Any employee who knowingly provides false information provided in-statements, incident reports, correspondence of an interview shall be subject to disciplinary action, including discharge"?

**ANSWER:** Yes.

Dated: November 8, 2024

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

/s/ Katharine Kramer
KATHARINE KRAMER
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
115 S. LaSalle Street
Chicago, Illinois 60603
Work Cell: (217) 720-8765
*Katharine.Kramer@ilag.gov*

## VERIFICATION BY CERTIFICATION

I, Matthew Scarbrough, declare that I am the Defendant in this cause, upon whom these interrogatories were propounded, and I certify, under penalty of perjury, that the foregoing answers are true and correct.

Dated: _11/10/2024_                     _Matthew Scarbrough_
                                         Matthew Scarbrough

COPY!

Assigned Grievance Institution: _____ Housing Unit: _____ Bad #: _____

1st Lvl rec: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

| Date: 10/24/2022 | Offender (please print): MICKEY MASON | ID #: R04336 | Race (optional): |
|---|---|---|---|
| Present Facility: Sheridan Correctional Center | | Facility where grievance issue occurred: SCC | |

**Nature of grievance:**

☐ Personal Property ☐ Mail Handling ☐ Medical Treatment ☐ ADA Disability Accommodation

☐ Staff Conduct ☐ Dietary ☐ HIPAA ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility ☑ Other (specify): I'm in fear for my life due to Warden Donald Terry, Warden Sherwin Miles, Internal Affairs Schmidt, LiT Nolan and Intel: Scarbrough

☑ Disciplinary Report 10/23 2022 Date of report — Facility where issued Administrative Malfeasance

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On Above date I received A false Disciplinary Report for A 105 Dangerous Disturbance due to Warden Sherwin Miles, Warden Donald Terry, Internal Affairs member-Schmidt, LiT Nolan, and Intel member Scarbrough due to Above inducing witnesses/confidential Informants to provide false information to be able to retaliate and place me in segregation due to filing complaints, and Civil Suits on Warden Sherwin Miles, Warden Donald Terry, and Internal Affairs staff and Intel staff. Under Due process I get to face my Accuser in which are the confidential sources due to lies, and officials inducing them ☑ Continued on reverse

Relief Requested

"Prison officials may not retaliate against inmates for filing Grievances or otherwise complaining about their conditions of confinement. Bridges V. Gilbert, 557, F.3d.541,520, (7th Cir. 2009)" I do not feel safe due to the Administrative Malfeasance here at this facility, I feel my life is in danger due to Warden Sherwin Miles, Internal Affairs, and Intel. I want to check into Protective Custody now!

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

_____ M M _____ R04336 10/24/2022
Offender's Signature ID# Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | Date Received: _____ | ☐ Send directly to Grievance Officer |
|---|---|---|

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name _____ Sign Counselor's Name _____ **RECEIVED**

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

OCT 28 2022

EMERGENCY REVIEW: Date Received: _____

**ADMINISTRATIVE REVIEW BOARD**

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance

☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____ Date _____

Mason v. Martin IDOC 000409

to commit malicious acts, and/or their might not be any confidential sources
and officials lied.

✱ I want Camera Footage preserved on 10/20/22 from 7pm to 8pm. I have
witnesses to refute the Disciplinary Report that was issued in retaliation.

While I was being questioned by Internal Affairs member Schmidt on
10/31/22, He clearly stated "Just tell me what's going on, your not in any trouble,
I need your help or your going to Segregation." I stated don't have anything to
do with no one cause I know how to speak for myself if I have a problem, I'll have
staff call you over here, and I asked C/O about more showers and phone time and he
stated that they are already talking about giving you guys more time.

IA Schmidt stated "If you work for me and let me know what's going
on - on the decks I'll give you a job, move whatever inmate you want moved, let you
get unlimited commissary, and a lot of pin numbers to be able to use the phone
all day when I give you a porter Job", I stated NO, and I have did nothing wrong
but stated to my family member and a friend that we can have the C/O to call Internal
Affairs over here so we can ask them about more time on 3rd shift for phones
and Showers cause it's not enough time for everybody to use the phone and get
Showers in 1 hour, and that I never had a meeting to organize a mass protest
or coerce others to refuse lockup, nor trays. IA Schmidt and L.T Nolan kept harassing me.

It clearly states that in Insitutional Directive that "Employees shall not
knowingly submit false or misleading information in any verbal or written report".

Internal Affairs member Schmidt, and L.T Nolan is mad cause I won't work
for Internal Affairs nor Intel to be they personal confidential informant.
Warden Donald Terry, and Warden Sherwin Miles is ordering Internal Affairs
staff Schmidt, L.T Nolan, and Intel member Scarbrough to harass, degrade,
retaliate, provoke, and Antagonizing me due to me filing Complaints, Emergency
Grievances, over P.R.E.A Recorded Phone Calls, Complaints with Govenor J.B
Pritzker, Director Rob Jeffreys, Executive Inspector General, and Civil Suits
with the Federal U.S District Court is why I'm being retaliated against due
to me notifying above about the ongoing Administrative Malfeasance towards
my life, health, and safety.

An inmate just killed himself on September 28, 2022 in cellhouse 85
B wing due to the Ongoing Administrative Malfeasance here at Sheridan Correctional
Center, and Lieutenant Funk was notified by the individual in custody that he
will kill himself if they don't take him out of the cell, and Lieutenant Funk walked
off cameras will reflect.

On September 10, 2022 Sergeant Forth got individuals off a quarantine deck
with Covid+19 and let them pass out breakfast trays on A wing in C-25 cellhouse
to intentionally spread Covid-19 in which cameras will reflect at 3:30 Am to 4:30 Am
on C wing and A wing. I have Declarations from individuals to support my
allegations as far as the ongoing Administrative Malfeasance here at this facility.
Due to me exercising my Protected Speech, Free Speech, and denying
Internal Affairs offer to work for them, Aint no telling what the
Administration will do to me while being housed at this facility.
Now that I'm housed in a condemn cell in segregation, I'm denied to receive
family photo's threw the mail, I can only use the phone twice a week with only
50 mins increments. My communication with my loved ones is hindered in retaliation
due to my Protected Speech and First Amendment being exercised.

Mason v. Martin IDOC 000410

EXHIBIT

D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Mickey Mason, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 22-cv-3774 |
| | ) |
| v. | ) |
| | ) Honorable Steven C. Seeger |
| David Martin, et al., | ) Honorable Gabriel A. Fuentes |
| | ) |
| Defendants. | ) |

## DEFENDANT DAVID NOLAN'S AMENDED ANSWERS
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant David Nolan by and through his attorney, Kwame Raoul, Illinois Attorney

General, and file this response to Plaintiff's Set of Interrogatories as follows:

### Interrogatories

1.    What are David Nolan's duties as Head of Internal Affairs?

**ANSWER:**    Perform research and confidential investigative work, compile and gather relevant facts pertaining to cases under investigation, conduct inquiries and investigations of conflicts of interest or malfeasance of employees within the institution. Assist the Intelligence Unit in investigations. Conduct investigations on breaches of security such as escapes, assaults, trafficking, misconduct of employees, threats to the safety and security of the institution, and any other unusual incidents.

2.    It clearly states in Administrative Directive "Use, Security and Storage of Cameras, Digital Media And Related Equipment Effective: 12/1/2019" that "An Internal Affairs Lieutenant shall have access restricted to only the secure storage pertaining to his or her respective facility." Is that true? If not explain.

**ANSWER:**    I do not know. I can only answer that I only have access to my assigned institution, no others.

3.    Why was Intelligence Unit Member Matthew Scarbrough granted access to look for footage that MICKEY MASSON requested to be preserved, and did Lieutenant David Nolan grant Matthew Scarbrough that access? If not who granted access?

Page **1** of **6**

**ANSWER:** All staff assigned to the Internal Affairs Unit and Intelligence have access to the surveillance video system.

4. It clearly states in Administrative Directive "Use, Security and Storage of Cameras, Digital Medial and Related Equipment Effective: 12/1/2019" that "Digital media shall be retained for two years provided no litigation is pending or anticipated." Is that True?

**ANSWER:** Video is stored to DVR's which retain the video automatically for about 30-days, depending on DVR settings. Video space on the DVR is limited and automatically records over the data unless it is specifically preserved for investigative purposes.

5. Is David Nolan and/or was married to Law Library Clerk Erin Nolan?

**ANSWER:** Objection. This interrogatory seeks information that is not relevant to the claims or defenses in this matter, and is therefore not proportional to the needs of this case pursuant to Rule 26. Subject to and without waiving this objection, Erin Nolan is my spouse.

6. How was Law Library Clerk Erin Nolan able to handle outgoing U.S. Mail/Legal Mail from individuals in custody?

**ANSWER:** Objection. This interrogatory seeks information that is not relevant to the claims or defenses in this matter, and is therefore not proportional to the needs of this case pursuant to Rule 26. Objecting further, this interrogatory does not explain what "able to" refers to, such as able in a permissive sense or able in a physical sense. Subject to and without waiving this objection, I do not have sufficient knowledge to answer this interrogatory because it is not applicable to me or my job duties.

7. Who is the Chief of Information Officer?

**ANSWER:** I do not have sufficient knowledge to answer this interrogatory.

8. Matthew Scarbough clearly stated in Declaration dated 9/28/2023 that "Proper procedure was followed in saving the original footage" that MICKEY MASON requested to be preserved. That means Record Retention guidelines to ensure digital media relevant to active investigations or ongoing litigation are not destroyed. Is that true?

**ANSWER:** Objection. This interrogatory is vague and confusing as to what is meant by "Record Retention guidelines." Subject to and without waiving said objection, only video footage available on the DVR can be preserved.

9. That means the camera footage that MICKEY MASON requested to be preserved is in the custody of: The Chief, Deputy Chief, and each Commander of Investigations and Intelligence at 1301 Concordia Court – Springfield, IL 62794, and 19551 W. Division Street Lockport, IL 60441? Is that True?

**ANSWER:** Objection. This interrogatory is compound. Objecting further, this interrogatory is vague and confusing as to what is meant by "each Commander of Investigations and Intelligence." Subject to and without waiving said objection, I do not recall what video was requested or if it was still available at the time of the request. I also do not know what video is in the possession of the Chief, Deputy Chief, and Commander of Investigations.

10. Is it true that Digital Media saved to secure storage is routinely backed u using data redundancy back up methods, and secure storage is available on state networks or cloud space from the Department of Innovation and Technology (DOIT) or other contracted vendors?

**ANSWER:** Objection. This interrogatory is vague and confusing as to what is meant by "data redundancy back up methods," "secure storage," "state networks," and "cloud space." Subject to and without waiving said objection, I lack knowledge to answer this interrogatory as it is outside the scope of my job responsibilities.

11. David Nolan is a Defendant in case Mason v. Martin, as well or was an Lieutenant/Head of Internal Affairs at Sheridan Correctional Center. So why didn't David Nolan search for the digital footage that MICKEY MASON requested to be preserved?

**ANSWER:** I can only preserve video that's available on the DVR.

12. Is it true that camera footage that MICKEY MASON requested to be preserved dated September 10, 2022, October 20, 2022, and October 21, 2022, is destroyed due to an video system malfunction? If so provide the dates when Sheridan Correctional Center had an video system malfunction, and the date it was fixed?

**ANSWER:** Objection. This interrogatory is compound. Subject to and without waiving said objection, I lack knowledge as to what malfunction is being referenced.

13. If the camera footage that MICKEY MASON requested to be preserved is not destroyed, name all who has access to the footage?

**ANSWER:** Access is granted by the Chief Administrative Officer, I do not know all of the staff who had access.

14. Is it true that it's a camera at the top of the ceiling as soon as you walk into personal property at Sheridan Correctional Center? If not explain where was and is the digital camera posted.

**ANSWER:** I don't recall what positions any cameras in personal property are located.

15. If Defendant W. Schmidt questioned/investigated MICKEY MASON on October 21, 2022, how did Intelligence Unit Member Matthew Scarbrough write the Disciplinary Report when he never questioned MICKEY MASON, nor ever had a conversation with him?

**ANSWER:** Disciplinary reports can be written by any staff member involved in an investigation. Disciplinary reports are written on preponderance of evidence such as video surveillance footage, interview statements, etc.

16. Law Library Clerk Erin Nolan, stated that David Nolan ordered her to call him to see if it's okay to send certain Legal Mail/U.S. Mail out after she check it. Is that true?

**ANSWER:** Objection. This interrogatory is speculative in nature. Subject to and without waiving said objection, I do not recall.

17. Is it true that when David Nolan, and W. Schmidt questioned MICKEY MASON September 16, 2022, David Nolan stated that Warden Donald Terry sent you an email telling you to investigate MICKEY MASON?

**ANSWER:** I do not recall.

18. By David Nolan being head of Internal affairs, did you tell Counsel Huda Khan that after [30] days Illinois Department of Corrections destroys digital camera footage. Is that true? If not who told Counsel Huda Khan that information?

**ANSWER:** Objection. This interrogatory seeks privileged information regarding a conversation between a client and their attorney. As such no answer is required.

19. Is it true that: First – Counsel Huda Khan/Defendant(s) clearly stated in Plaintiff's First Request for Production dated July 5th, 2023 that "Defendants do not possess any camera footage responsive to this request," Second – digital camera footage after [30] days Illinois Department of Corrections destroys digital camera footage, Third – Counsel/Defendants have to check to see if you have the footage, Fourth – There was a system outage, and Fifth – the digital camera footage that MICKEY MASON requested to be preserved is destroyed. Is that True?

**ANSWER:** Objection. This interrogatory is compound. Further objecting, this interrogatory is vague and confusing as to what Plaintiff is asking. Subject to and without waiving said objection, I lack knowledge as to what counsel Huda Khan stated to anyone.

20. It clearly states in the Administrative Directive "Standards of Conduct" for IDOC employees that "Any employee who knowingly provides false information provided in-statements, incident reports, correspondence or an interview shall be subject to disciplinary action, including discharge." Is that true?

**ANSWER:** Yes.

21. It clearly states in Administrative Directive that "Internal Affairs staff shall be responsible for downloading all digital media recorded on any device to the appropriate secure storage once received via chain of custody." Is that True?

**ANSWER:**  Objection. This interrogatory is vague and confusing as to what Administrative Directive Plaintiff is referencing and what the term "device," "digital media," "appropriate," and "digital media recorded" means. Subject to and without waiving said objection, it is true.

22.  It clearly states in Administrative Directive that "When downloading digital media to secure storage, Internal Affairs staff shall: (a) save digital media using the approved file format and naming conventions; and (b) after digital media has been successfully uploaded, delete the digital media from the portable device or drive on which it was originally saved." Is that true?

**ANSWER:**  Objection. This interrogatory is vague and confusing as to what Administrative Directive Plaintiff is referencing and what the term "portable device," "drive," and "approved file format" means. Subject to and without waiving said objection, it is true.

23.  Intelligence Unit Member Defendant Matthew Scarbrough clearly stated in Declaration dated 9/28/2023 under oath that "Proper procedure was followed in saving the original footage." So where is the camera footage that MICKEY MASON requested to be preserved dated September 10, 2022, October 20,2022 and October 21, 2022?

**ANSWER:**  Only video available on DVR at time of request can be preserved.

Dated: November 5, 2024

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

*/s/ Katharine Kramer*
KATHARINE KRAMER
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
115 S. LaSalle Street
Chicago, Illinois 60603
Work Cell: (217) 720-8765
*Katharine.Kramer@ilag.gov*

## VERIFICATION BY CERTIFICATION

I, David Nolan, declare that I am the Defendant in this cause, upon whom these interrogatories were propounded, and I certify, under penalty of perjury, that the foregoing answers are true and correct.

Dated: ___11/8/24___                    _____
                                                              David Nolan



EXHIBIT

E

Exhibit B

C-13/B-Hall 2021

Plumber #2

| 1-5-21 | 4-20-2 | Shower running | C-13/B-Hall |
| 5-6-21 | 10-26-2 | Toilet Leaking | C-13/B-17 |
| 5-7-21 | 10-33-2 | Toilet Leaking | C-13/B-14 |
| 5-25-21 | 10-110-2 | Sink running | C-13/B-20 |
| 5-26-21 | 10-119-2 | Hot Water running | C-13/B-20 |

Electricians #3

| 2-21-21 | 2-37-3 | Protection Grid for Light | C-13/B-Hall |
| 5-8-21 | 10-20-3 | Cell Light | C-13/B-23 |
| 5-15-21 | 12-17-3 | Light out | C-13/B-14 |

Carpenter #4

| 2-21-21 | 2-32-4 | Window not closing in dayroom | C-13/A-B Dayroom |
| 5-17-21 | 9-28-4 | Shower Wall Panel needs repair | C-13/B-Hall |

Firemen #7

| 10-28-21 | 10-10-7 | B-Hall No Heat | C-13/B-Hall |

Mason v. Terry (22-cv-3252)
IDOC 000001

EXHIBIT

F

ILLINOIS DEPARTMENT OF CORRECTIONS
## WORK ORDER

Work Order No. _____

Date _____ Approval _____

Location _____

Room _____ Floor _____

Requested By _____

DESCRIPTION OF WORK

Labor Cost: _____

Material Cost: _____

| Assigned To | Auth. | Building | Priority | Hours | Date Completed |
|---|---|---|---|---|---|
| | | | | | |

Distribution: Chief Engineer, Department Head, AWO

DOC 0431 (Eff. 9/2015)
(Replaces DC 806-1A)

EXHIBIT

G

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Mickey Mason, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 22-cv-3774 |
| | ) |
| v. | ) |
| | ) Honorable Steven C. Seeger |
| David Martin, et al., | ) Honorable Gabriel A. Fuentes |
| | ) |
| Defendants. | ) |

### DEFENDANT SHERWIN MILES' ANSWER TO
### PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Sherwin Miles by and through his attorney, KWAME RAOUL, Illinois

Attorney General, and file this response to Plaintiff's Second Set of Interrogatories as follows:

### INTERROGATORIES

1.     On 10/27/2021 MICKEY MASON sent $100.00 to Sharon Brewer check number #13539 that Defendant(s) claim was "Auto Voided". Why did it take [3] years for MICKEY MASON to receive his $100.00 back?

**ANSWER:**    The business office handles these kinds of matters. I cannot answer this interrogatory because it is outside the scope of the responsibilities of a Warden.

2.     Did Sherwin Miles deemed Emergency Grievance not an emergency dated 10/24/2022 from MICKEY MASON that clearly stated "I want Camera Footage preserved on 10/20/2022 from 7 p.m. to 8 p.m." on the second page of Emergency Grievance?  If not explain who did.

**ANSWER:**    I do not have sufficient knowledge to answer this interrogatory because there was no grievance dated 10/24/2022.

3.     It clearly states in Administrative Directive "Use, Security and Storage of Cameras, Digital Media and Related Equipment Effective: 12/1/2019" that " Digital media shall be retained for two years provided no litigation is pending or anticipated." Is that true?

**ANSWER:**    I am no longer the Warden at Sheridan Correctional Center and do not have access to Administrative Directives. Therefore, I do not have sufficient knowledge to answer this interrogatory.

EXHIBIT

H

**State of Illinois**
**Department of Corrections**
## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| MASON, MICKEY | R04326 | 2-B-N |

| Counselor/Agent Name * |
|---|
| BAKER, ZACHARY D. |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 11/9/2021 10:09:01 | HOUSING UNIT C-25/SHE | Collateral | Grievance | DEATS, BRIAN L., Corrections Senior Parole Agent |

Comments: *Received grievance #011042137 dated: 11/01/2021, Issue: Mail Handling (Stated overcharged for postage)/IN RESPONSE: Per mailroom staff Individual in Custody was charged $3.75 for postage and another $3.05 for signed receipt, totaling $6.80. Mailroom stated Individual in Custody did not indicate they didn't want a copy of signed receipt, therefore the full amount was charged.*

| 11/5/2021 11:52:26 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Received Grievance Form (DOC 0046) dated 11/01/2021. Grievance form was given # 11052106. It has been forwarded for review.*

| 11/4/2021 15:20:56 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Received Grievance Form (DOC 0046) dated 11/01/2021. Grievance form was given # 11042137. It has been forwarded for review.*

| 11/4/2021 15:07:28 | HOUSING UNIT C-25/SHE | Personal | Face To Face | ABBATTISTA, ANTHONY J., Correctional Counselor II |
|---|---|---|---|---|

Comments: *Individual in custody was interviewed, and his master file reviewed for his 30-day PREA follow-up per A.D. 04.01.301. Mental health referral forwarded to GAMA indicated fact team in menard forced him into a sexual situation with another individual in custody, causing him to stand very close behind another individual while in underwear.*

| 11/2/2021 15:35:14 | HOUSING UNIT C-25/SHE | Personal | Face To Face | DEATS, BRIAN L., Corrections Senior Parole Agent |
|---|---|---|---|---|

Comments: *Conducted a Deposition Legal Call with Assistant Attorney General Jennifer Powell @ (240) 454-0879. Call lasted from 10am to 3pm.*

| 11/2/2021 09:27:31 | MAILROOM/SHE | Collateral | Other | MARTIN, DAVID E., Corrections Clerk I |
|---|---|---|---|---|

Comments: *OUT LEGAL, KING AND SPALDING 110 N. WACKER DR. STE.3800 CHICAGO, IL. 60606*

| 11/1/2021 15:12:21 | HOUSING UNIT C-25/SHE | Personal | Face To Face | DEATS, BRIAN L., Corrections Senior Parole Agent |
|---|---|---|---|---|

Comments: *Received Money Voucher from Individual in Custody in the amount of $35 to Pen a Con. Sent to Business Office for processing.*

| 10/29/2021 14:08:38 | MAILROOM/SHE | Collateral | Other | MARTIN, DAVID E., Corrections Clerk I |
|---|---|---|---|---|

Comments: *IN LEGAL, KING & SPALDING 110 N. WACKER DR. CHICAGO, IL. 60606*

| 10/29/2021 11:16:11 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Received grievance # 10272102 back for review. Grievance had been previously returned because it was deemed not an emergency. Grievance has been forwarded for review.*

| 10/29/2021 09:10:54 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Returned individual in custody's finalized copy of grievance # 10252101 with Grievance Officer's report, with CAO's response and signature.*

| 10/28/2021 11:46:04 | HOUSING UNIT C-25/SHE | Collateral | Other | DEATS, BRIAN L., Corrections Senior Parole Agent |
|---|---|---|---|---|

Comments: *Received Money Voucher from Individual in Custody in the amount of $60 to Sharon Brewer. Sent to Business Office for processing.*

| 10/28/2021 10:06:48 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Grievance dated 10/24/2021 and given the number # 10272102 was determined a non-emergency by the CAO. Individual in custody can RESUBMIT this grievance as a regular grievance to be processed at the appropriate review level. Grievance returned to individual in custody via institutional mail. Individual in custody must use the "GRIEVANCE" box to resubmit.*

| 10/27/2021 13:12:10 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Received grievance dated 10/24/2021. Grievance given # 10272102. It was marked as an "EMERGENCY" by the individual in custody and was forwarded to CAO for review.*

| 10/26/2021 14:24:09 | HOUSING UNIT C-25/SHE | Personal | Face To Face | TURCZYN, ALEXANDRA M., Correctional Counselor II |
|---|---|---|---|---|

Comments: *witnessed money voucher for 100.00*

| 10/26/2021 09:58:00 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Received grievance # 10252101 back from CAO determining that it was an emergency. Forwarded for review.*

| 10/25/2021 11:25:14 | ADMINISTRATION BUILDING/SHE | Collateral | Grievance | SMITH, MICHELLE, Account Technician I |
|---|---|---|---|---|

Comments: *Received grievance dated 10/10/2021. Grievance given # 10252101. It was marked as an "EMERGENCY" by the individual in custody and was forwarded to CAO for review.*

| 10/25/2021 10:35:44 | MAILROOM/SHE | Collateral | Other | MARTIN, DAVID E., Corrections Clerk I |
|---|---|---|---|---|

Comments: *OUT LEGAL, CLERK OF COURT COOK COUNTY RM.802 50 W. WASHINGTON CHICAGO, IL. 60602*

9/24/2024
DOC 1711 (Rev. 10/86) PC Generated

*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.*

Mason v Martin - 22 cv 3774 -

IDOC_ 000631